## THURBER v. MILLER et. al.

1. The creation of a receivership and the appointment of a receiver thereunder by a United States court, which is reversed on appeal on the ground that the court had no jurisdiction, is absolutely void, even when attacked collaterally in a state court, since the decision is conclusive, and hence there is no *de facto* receiver.

2. Failure to present a claim for a deficiency after a sale of mortgaged property, against the estate of deceased mortgagor, within six months from the time of giving notice to creditors to present their claims, precludes the mortgagee from obtaining a deficiency judgment, under Comp. Laws, § 5790, requiring the claim to be presented in such cases within one month after the deficiency is ascertained.

(Opinion filed June 22 1898.)

Appeal from circuit court, Lawrence county.    Hon. A. J. PLOWMAN, Judge.

Action by Horace K. Thurber against Mary C. Miller and others to foreclose a mortgage. From a judgment for defendants, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Martin & Mason,* for appellant.

The lower court should have found that appellant duly presented verified proof of his claim to the trustees and executors of the last will of James K. P. Miller and that the estate is therefore liable for deficiency on foreclosure. Mining Co. v. Noonan 3 Dak. 109; Pitts Works v. Young 62 N. W. 432; Tandirup v. Hanson 66 N. W. 1074; 1 Rice Ev. p. 66; 19 Am. & Eng. Enc. of Law 76; Rixford v. Miller 49 Vt. 319; Loveland v. Garner 15 Pac. 844; Gribble v. Brewing Co. 34 Pac. 527; Gas Co. v. San Francisco 9 Cal. 453; Mulcahey v. Buckley 35 Pac. 144; 1 Eve. of Plead. and Prac. p. 811 *et seq;* Daisy Co. v. Brown 35 S. W. 637; Sloane v. Railroad 44 Pac. 324; Austin v. Tel. Co. 28 N. Y. Sup. 78.

Appellant was entitled to a receiver and is entitled to the rents collected by him. *First,* by virtue of our statute, which is simply an adoption of the old equity rule Comp. § 5015, Bank v. Arnold 5 Paige Ch. 38; Howard v. Ripley 10 *Id.* 43; Grant v. Ins. Co. 121 U. S. 105; Kountze v. Omaha Hotel Co. 187 U. S. 378, 395; 2 Jones Mtges. § 1516, 1521, 1536; High Receivers § 666; Beach Receivers §§ 519, 520; 8 Am. and Eng. Enc. Law p. 234; Hollenbeck v. Donnell 94 N. Y. 345; Phila. Co. v. Goas 66 N. W. 843; Hass v. Chgo. Bldg. Assn. 89 Ill. 498; Montgomery v. Merril 4 Pac. 414; Schreiver v. Carey 48 Wis. 208; Merritt v. Gibson 27 N. E. 139; Hollenbeck v. Donnell 94

N. Y. 345; Phila. Mtge. Co. v. Goos. 66 N. W. 843; Lowell v. Doe 44 Minn. 144, 46 N. W. 297; Edwards v. Wray 12 Fed. 44; Astor v. Turner 11 Paige Ch. 437 note; Post v. Dorr 4 Edw. Ch. 412; Favorite v. Deardorff 84 Ind. 558; Ranney v. Payser 83 N. Y. 1; Lofsky v. Manjer 3 Sand. Ch. 66; Rider v. Bagley 84 N. Y. 463. *Second,* by the express terms of his mortgage. Comp. Laws §§ 4358, 3298; Purden v. Archer 4 S. D. 54; 2 Jones Mtges. § 1516; Beach Receivers § 528.541; Hubbell v. Avenue Inv. Co. 66 N. W. 85 Ia; Stetson v. North Inv. Co. 70 N. W. 595, (Ia.) Edwards v. Wray 12 Fed. 44; McLain v. Placerville Co. 6 Pac. 754; Montgomery v. Merrill 4 Pac. 414; McKenzie v. Bismarck 71 N. W. 608; Freidsman's Co. v. Shepherd 127 U. S. 494.

The fact that the receiver herein was originally appointed by a court without jurisdiction does not affect appellant's right to the rents collected by him as such receiver. Dow v. Railroad 124 U. S. 652; Bridge Co. v. Heidelbock 94 U. S. 798; Gilman v. Telegraph Co. 91 U. S. 603; Railroad v. Cardey 11 Wall 459; McKenzie v. Water Co. 71 N. W. 614; Bank v. McKinney 2 S. D. 120; 5 Am. and Eng. Enc. of Law pp. 96, 198, 108; Fylpaa v. Brown Co. 62 N. W. 962; Cooke v. Halsey 16 Pet. 81; Hussy v. Smith 99 U. S. 20; Carli v. Rheiner 7 N. W. 139: Jewell v. Gibert, 5 Atl. 80; Railroad v. Grand Junction Co., 1 Allen 552; People v. White 24 Wend. 520; Liberty Twp. v. Hutchinson Co. 64 N. W. 1117; Post v. Dow 4 Edw. Ch. 412; High Rec. §§ 37. 561, 644, 621; Beach Rec. §§ 543, 531; Stoffel v. Sellers 41 N. E. 708; Simms v. Bank 64 N. W. 167.

*G. C. Moody* and *Edwin VanCise* for respondent, William Selbie as Administrator, etc.

A receiver cannot be appointed either by a federal or state court to disturb the possession of property lawfully in the hands

of an administrator·against whom no charges of incompetency or misconduct are made.   Comp Laws, §§ 5908, 5909, 5790, 5802, 5748, 5772, 5860; 20 Am. and Eng. Enc. of Law 38, 317; High on Rec. § 706; Harris v. Carpenter 91 U. S. 254; Sylvester v. Reed 23 Hun. 223; Mathews v. Neilson 3 Ed. Chan. 365; Jones v. Smith 1 Walkin's Chan. 115; Collins v. Stuart 37 N. Y. Sup. 891;  Buck v. Colbath, 3 Wall. 334; Freeman v. Howe 24 How 450; Covell v. Heyman, 111 U. S. 176; Heidreiter v. Cloth Co. 112 U. S. 294; Tua v. Carriere 117 U. S. 291; Dillon v. Railroad 43 Fed. 109; Judd v. Telegraph Co. 31 Fed. 182; Melvin v. Robinson. 31 Fed. 634; ·Cleveland v. Joliet E. Co. 53 Fed. 683; Gates v. Bucki 53 Fed. 961; Whitney v. Wilder 54 Fed. 554; Milliken v. Barrow 55 Fed. 148; Central Tr. Co. v. Rrailroad 57 Fed. 3; American Assn. Lim. v. Hurst 59 Fed. 1; Wickham v. Hull 60 Fed. 326; Byers v. McAuley, 149 U. S. 608.

Appellant had no lien upon the rents, but only a contract for a lien operative when reduced to possession, and neglecting to get this possession before Miller's death he could not take it afterwards, but is limited to the rights of a creditor by the provisions of the Probate Code and the rents go to all the creditors.   Comp. Laws §§ 5431, 4358; Thompson v. Shirley 69 Fed. 484, S. C. 75 Fed. 168; Fral v. Walker 111 U. S. 242: Hazelton v. Granger 7 N. W. 74; Swan v. Mitchell 47 N. W. 1042; Rudolph v. Herman 4 S. D. 283; Simms v. Bank 7 S. D. 338.

Plaintiff's lien was exhausted before suit brought.   Comp. Laws § 5437; 2 Pingrey on Mortgages § 1974; Tallman v. Ely 6 Wis. 244; The Rector, etc. v. Mack 93 N. Y 488; Vroom v. Ditmas 4 Paige 526; Holden v. Sackett 12 Abb. Pr. 473; Bury v. Sieber 5 Pa. St. 431; Watson v. Dundee 8 Pac. 548; Poweshiek Co. v. Dennison 36 Ia. 244;  8 Am. and Eng. Enc. of Law 194;

Poweshiek Co. v. Dennison 36 Iowa 244; Hanson v. Dunton 28 N. W. 221; Walton v. Hollywood 11 N. W. 209; Smith v. Smith 32 Ill. 198.

Plaintiff was not entitled to a money judgment. Having failed to present a properly drawn and verified claim to the legal representatives of the estate within the time required by law he is barred from recovering thereon. 1 Am. and Eng. Enc. of Law 311; Cook v. Statts 18 Barb. 407; Lane v. Morse 6 How 394; Thompson v. Burhans 61 N. Y. 52; 1 Enc. of Pleading and Practice 313 14; State v. Heming 3 S. D. 492; Corbett v. Clough 65 N. W. 1074.

FULLER, J.    Prior to the commencement of this action to foreclose a mortgage for some $50,000 on a business block in the city of Deadwood, the insolvent mortgagor, James K. P, Miller, died, testate.    Shortly after the suit was instituted, the defendants Joseph Swift, E. B. Beecher, and William Swift, executors of the will, were removed and superseded by William Selbie, the duly appointed administrator of the estate with decedent's last will annexed, who was thereupon by the court substituted in their stead as a party defendant.    In addition to the usual hypothecating clause, the mortgage contains the following recital:  "Together with all and singular the tenements, hereditaments, and appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues, and profits thereof"; and a further provision that, in case of default the mortgagee, "his legal representatives or assigns shall have the right forthwith, after any such default, to enter upon and take possession of the said mortgaged premises, and to recive the rents, issues,

and profits thereof, and apply the same after payment of all necessary expenses and charges on account of this mortgage and of the said sums of money so due or to grow. due as aforesaid, and said first party (to-wit, the mortgagor) hereby agrees to pay the deficiency arising upon such sale, if any." Another mortgage, first in point of priority, containing the same provision, covering the same property, and executed to plaintiff by the same mortgagor, was foreclosed for $11,861.56, the full amount collectible; and the certificate of sale, issued to plaintiff on the 23d day of April, 1893, was sold and transferred to the defendant Fred T. Evans, who obtained a sheriff's deed thereunder, on the 25th day of May, 1894. Five days before this date, and on the 20th instant, the foreclosure of a second and intervening mortgage, prior and superior to the one made the basis of this action, covering identical realty, executed by the same mortgagor to the defendant Fred T. Evans, ripened in the hands of the latter into a sheriff's deed, under which and the one above mentioned, he went into immediate possession of the premises. and has ever since claimed to be the abosolute owner thereof. Before answering the complaint in this action, the cause was transferred, at the instance of the defendant Evans, to the United States circuit court for this district, where, upon the verified petition of plaintiff setting forth the insolvency of the estate and insufficiency of the mortgaged premises, one Anson Higby was appointed receiver of the rents and profits arising therefrom, but was soon afterwards removed; whereupon the defendant Selbie, admistrator, was appointed receiver in his stead, and continued to act in that capacity until the title, by virtue of the deeds above mentioned, vested in the defendant Evans. As shown by his report presented to

the United States circuit court on the 10th day of May, 1894, the defendant Selbie had nearly $9,000 rents and profits in his hands by virtue of the receivership, for which, by the final decree of that court, he was directed to account to the estate of James K. P. Miller, of which he continued to be administrator; and from such decree annulling the appointment of a receiver, plaintiff appealed to the circuit court of appeals, where, upon a mere inspection of the record, it was held that the trial court never acquired any jurisdiction, and the cause was "remanded, with directions to that court to vacate all orders and decrees made therein, and remand the same to the state court from whence it was removed." Thurber v. Miller, 14 C. C. A. 432, 67 Fed. 371. On the 7th day of December, 1895, after the cause was reinstated in the circuit court of Lawrence county, and while the rents, issues and profits above mentioned were in the possession of the defendant Selbie, as administrator, he was again appointed receiver, and directed to retain said funds, "subject to the further orders of the court, and without prejudice to the rights of any of the parties hereto in and to said funds." At the trial the court held that all the estate vested in the mortgagor, Miller, at the time the first mortgage was executed or at any time thereafter, was transferred to the defendant Evans by the sheriff's deed, executed on the 25th day May, 1894, pursuant to the decree in plaintiff's favor foreclosing said first mortgage, and that "such deed was and is as valid as if executed by the mortgagor, Miller, and the mortgagee, Horace K. Thurber, plaintiff in this action, and was and is a complete bar against each of them, and against all the parties to the action in which the judgment of foreclosure aforesaid was rendered, and against their heirs respectively, and

against all persons claiming under such heirs. The claim of the plaintiff, not having been presented to the executors or administrator within the time limited in the notice published by the executors, was and is forever barred. 'The plaintiff has no lien upon the moneys in the hands of the defendant William Selbie, whether as receiver or as administrator, or upon any other of the assets of the estate of James K. P. Miller, deceased, and has no right of action." Judgment dismissing the supplemental complaint upon the merits, and discharging the receiver, was accordingly entered, and plaintiff appealed to this court.

As there can be no *de facto* officer without a *de jure* office, no receiver without a receivership, and the appointment of a receiver *pendente lite* creates not only the office, but the officer, neither of which can exist without the other, we cannot concur in the contention of counsel for appellant that, although the federal court never acquired any jurisdiction, Higby and Selbie were *de facto* receivers, and that the validity of their acts cannot be questioned in this suit by any of the parties interested. It is elementary that no right can be acquired or invaded by reason of the order or judgment of a court having no jurisdiction of the parties or subject-matter; that all such extra judicial acts, together with that which emanates therefrom, being absolutely void, must be held for naught, even when attacked collaterally; and the decision of the circuit court of appeals, *supra*, is a case in point, and conclusive as to the question of jurisdiction. Then the mortgagor in his lifetime and his legal representatives thereafter, were in actual, continued possession of the property and its incidents until devested of all interest by a sheriff's deed executed to the defendant Fred T. Evans, up-

on surrendering a certificate of sale made to appellant pursuant to the foreclosure of his first mortgage, and by the assignment of which, after the expiration of the time for redemption, said Evans became entitled to a deed as valid as if executed by the mortgagor and mortgagee, and a complete bar against each of them.  Comp. Laws, § 5437.

The mortgage provides for a deficiency judgment, but it appears from the evidence, and the court found, that "subsequent to the death of James K. P. Miller, to-wit, on February 24th, 1891, defendants Joseph Swift, E. B. Beecher, and William H. Swift qualified as executors of his last will and testament, and published, in accordance with an order of the county court of Lawrence county, duly given and made, a notice to creditors, beginning the 4th day of March, 1891, requesting them to present their claims with the proper vouchers to them at the office of A. W. Coe, in Deadwood, S. D., within six months from that date.  This the plaintiff failed to do, and he had not prior to the bringing of this action, or at any time, presented the notes sued on in the action, or any claim on account thereof, to said executors, or to their successor, William Selbie, administrator with the will annexed, who had been appointed upon the removal of said executors by the county court."  Upon the foregoing finding, the conclusion that the appellant was not entitled to a deficiency judgment is in full accord with the statute requiring the claim to be presented in such cases within one month after the deficiency is ascertained. Comp. Laws, § 5790.  As the appointment of a receiver could extend only to accruing rents and profits, and there being no receivership until long after the title became vested absolutely in Fred T, Evans, when the life of appellant's lien thereon ter-

minated, the trial court was fully justified in concluding, in effect, that when its order of appointment, made December 7, 1895, was granted, there were no rents or profits to which the same could rightfully attach, or premises to be taken into the possession of the receiver. A careful examination of the record discloses no error, and the judgment appealed from is affirmed.

Rehearing granted September 10, 1898. Opinion upon rehearing not yet filed.