## THURBER v. MILLER *et al.*

Where in a suit against a decedent's estate, evidence of the presentation of the claims in issue was objected to by the defendant administrator on the ground that the proof of claim was improperly verified, and that there was no evidence to show that the person to whom it was presented was authorized to represent the estate, the failure of the court to rule on the objection was reversible error, since had the ruling been adverse to the plaintiff, he might have supplied evidence to show that the claim was properly verified, and that the person to whom it was presented was authorized to receive it.

FULLER, P. J. dissenting.

(Opinion filed April 2, 1901.)

The additional facts are stated in the opinion.

Appeal from circuit court, Lawrence county, HON. A. J. PLOWMAN, Judge.

This case was first decided by this court in an opinion reported in 11 S. D. 124, 75 N. W. 900.  In that opinion the judgment of the trial court in favor of the defendants was affirmed.  A re-

hearing was subsequently granted. This opinion is upon the rehearing. The former decision is modified.

*Martin & Mason,* for appellant.

*G. C. Moody* and *Edwin VanCise,* for respondents.

CORSON, J. This case comes before us on reargument, a petition for rehearing having been granted on application of the appellant. The former decision is reported in 11 S. D. 124, 75 N. W. 900. Plaintiff claims in his petition for rehearing that the court failed to pass upon his first assignment of error, viz: that the lower court erred in reserving its decision upon the respondents' objection to the introduction in evidence of proof that plaintiff's claim was presented to the executors of the Miller estate. It will be sufficient, in addition to the statement of facts contained in the former opinion, to say that the plaintiff and appellant in his complaint prayed for a deficiency judgment against the estate of Miller, deceased, and for that purpose, upon the trial of the case, introduced evidence tending to show that he had presented his claim for the amount due him upon his mortgage as required by statute. In appellant's brief upon the former argument, he presented and argued this assignment quite fully, but this court took the view at that time that the alleged error, if error there was, constituted an irregularity that should have been presented to the court below for review upon affidavits. But, upon a re-examination of this question, we are of the opinion that this court, in taking that view, was in error, and that the alleged error constituted an error in law, and was properly presented to the court below on the motion for a new trial. The appellant is therefore entitled to a decision upon that question by this court.

It appears from the record that upon the trial of this case in the court below the appellant read in evidence, without objection, the order of the county court in the estate of James K. P. Miller,

deceased, ordering publication of notice to creditors, bearing date
March 3, 1891. The notice was also read in evidence, and by it all
persons having claims against the said deceased were required to ex-
hibit them to the trestees and executors, with the necessary vouchers,
within six months after the first. publication of the notice, at the
office of A. W. Coe, in the Syndicate Block, on Lee street, Dead-
wood, Lawrence county, S. D. One of the attorneys for the plain-
tiff, being called as a witness for the plaintiff and appellant, testified
as follows: "I am one of the attorneys for the plaintiff in this case.
I presented the proof of claim which I hold in my hand, verified by
H. K. Thurber, to A. W. Cbe, in accordance with the printed notice
to creditors, on July 6, 1891. It was not allowed within ten days,
and afterwards the claim was returned to me by Mr. Coe." There-
upon the counsel for the appellant offered in evidence the proof of
claim referred to, which was objected to by the respondents for the
following reasons: "The claim is not in accordance with the
statute. Second. There is no evidence whatever that this claim
has been presented to any authorized person representing the es-
tate, either executors or administrators, with the will annexed.
Third. There is no proof whatever that the attention of the exec-
utors, or either of them, or of the administrator with the will an-
nexed, to the estate, has ever been·called to this claim, or notice
given them of its presentation in any way. Fourth. That this ac-
tion was not commenced within the time prescribed by the statute
after the alleged presentation of the claim; that the evidence offered
is otherwise incompetent and immaterial; there is no statement in
the claim of the date of the filing of the mortgage, or sufficient de-
scription alleged to accompany the copy of the notice." The wit-
ness continued: "I will say that I am not able to swear to the
substantive fact of this notice having been left at Mr. Coe's office,

but my best recollection is it was left in Mr. Coe's office with Mr. Coe. No objection was ever made by any party as to the method of leaving the claim; that is, never made to my knowledge." The ruling on the objection was reserved by the court, and it is stated in the abstract: "No ruling was made by the court on this objection prior to the court's final decision of the case; to which plaintiff excepted." The appellant contends that by reason of the failure of the court to rule during the trial upon the objection made he was greatly prejudiced for the reason that, had the court ruled against him, he might have supplied the evidence necessary to show that the said Coe was duly authorized to receive and pass upon the claim, and have supplied such other proof as might have been necessary to have shown that the claim was properly presented. The respondent, however, contends that the claim itself, as presented, was fatally defective in that it was not duly verified; and that that defect in the proof could not have been supplied by any evidence at the trial had the court then ruled upon the objection; and that, therefore, the appellant was not prejudiced by the court's failure to rule upon the objection. The copy of the proof of claim, to which true copies of the notes set out in plaintiff's complaint were annexed, and which was presented to A. W. Coe, is as follows: "Proof of Claim. State of South Dakota, County of Lawrence, ss.: In the County Court, Term 189.. In the Matter of the Estate of James K. P. Miller, Deceased. Creditor's claim, $62,231.66. May 13th, A. D. 1891. State of New York, County of ———, ss.: Horace K. Thurber, of New York City, being duly sworn, doth depose and say that the annexed claim, to-wit, the sum of $62,231.66, against the estate of James K. P. Miller, late of the county of Lawrence, state of South Dakota, marked * * *, is justly due and owing to said Horace K. Thurber. * * * [Signed.] H. K.

Thurber. Subscribed and sworn to before me this 29th day of June, A. D., 1891. [Seal.]Frank E. Ickes, Notary Public." The principal objection made to this claim is that it cannot be determined therefrom whether the same was verified in the state of South Dakota or in the state of New York. It is true there is an apparent ambiguity in the verification, but we are of the opinion that such ambiguity does not render the verification fatally defective, and that it would have been competent for the appellant to show by evidence where the affidavit was in fact made. Appellant was clearly entitled to have the objection ruled upon by the court at sometime during the trial, in order that he might have had opportunity, if he could have done so, to supply the proof required to render the proof of claim admissible. That the appellant was prejudiced by this failure to rule upon the objection is quite apparent from the third finding of fact, which reads that the appellant "had not, prior to the bringing of this action, or at any time presented the notes sued on in the action, or any claim on account thereof, to said executors, or to their successor, William Selbie, administrator with the will annexed, who had been appointed upon the removal of said executors by the county court." It will be observed that it appears by the record that counsel for the appellant at the time the court reserved its ruling, entered an exception thereto. There was, therefore, no assent on their part that the court should reserve its decision. After a very careful consideration of the whole question, we are clearly of the opinion that for the error of the court in reserving its decision the appellant is entitled to a new trial upon that branch of the case. We think the true rule is laid down by SAWYER, C. J., in Sharp v. Lumley, 34 Cal. 614. That learned judge there says: "We here take occasion to remark that, whenever a district judge receives evidence in the course of a trial, and reserves the question of

its admissibility for further consideration, when his conclusion is attained he should expressly and distinctly rule upon it one way or the other, so that the party against whom the ruling is made can have the benefit of a specific objection. We often find in records evidence received in this manner, subject to be finally received or rejected after more mature consideration, without any clue to the final ruling other than such as may be inferred from the general result. It may also be added that questions should not be so reserved without the consent of parties in cases where the consequences of the ruling might be obviated by other evidence on the part of the party against whom the ruling is finally made." We have also carefully considered the argument of counsel upon the other questions decided in the former opinion of this court, but we see no reason for reversing that opinion upon those questions. The judgment of the court below is therefore reversed so far as the same affects the presentation of the claim of the appellant for any deficiency, and a new trial is ordered upon that question. Upon all other points the former decision of this court is affirmed.

FULLER, P. J.; dissenting.