MASSEY, Appellant, v. FRALISH, Administrator, Respondent.

(156 N. W. 791.)

(File No. 3858.   Opinion filed March 13, 1916.

1. **Trials—Chattel Mortgage Foreclosure, Triable to Court, Jury Verdict, Advisory.**

An action to foreclose a chattel mortgage is triable to court without a jury, and, where tried before a jury, a verdict is advisory only, and the ordinary rules as to jury trials in actions triable before a jury are not applicable.

2. **Executors and Administrators—Presentation of Claims—Chattel Mortgage Lien, Necessity of Presentation—Statute.**

Under Prob. Code, Sec. 170, providing that claims on contract not presented within the time limited in notice to creditors published by executors and administrators are forever barred, and Sec. 178, providing that no holder of a claim against an estate shall maintain action thereon unless the claim is first presented to the executor or administrator, and Secs. 174 and 175, as amended by Laws 1913, Ch. 207, requiring an executor or administrator to endorse his allowance or refusal and date thereof upon claims, and to present report thereof to county clerk, which shall fix a time for hearing of all claims so presented, that claims so presented and allowed shall be liens against the estate, and paid in due course, and that, if the claim is founded upon a bill, or note, or other instrument, a copy of the instrument must accompany the claim, and that ,if secured by mortgage recorded or filed according to law, it is sufficient to describe the mortgage or lien and to refer to date of its filing and volume and page of record, **held,** that a chattel mortgage lien is not within the class of claims mentioned in Secs. 170 and 178, requiring presentation of claim to prevent the barring of an action to foreclose a mortgage, and the failure to present such lien claim only affects the deficiency arising after applying the mortgaged property to payment of the debt, and in no manner affects the right to foreclose; that Secs. 170 and 178 are in no manner amended by said Ch. 207, but that said Secs. 174 and 175, as amended by said chapter, relate to filing and hearing of claims and the determination thereof before the county court, and have no relation to presentation of claims under Secs. 170 and 178.

3. **Executors and Administrators—Presentation of Claims—Mortgage Note, Presentation of Note Only, Effect, as to Deficiency Judgment—Statute.**

The presentation of a note secured by a chattel mortgage, to an administrator, without presenting or making proof of the mortgage, entitles the holder to a deficiency judgment in a suit to foreclose the mortgage. So held, construing Secs. 170 and 178, Prob. Code.

Appeal from Circuit Court, Spink County. Hon. Alva E. Taylor, Judge.

Action by William Massey, against Louis Fralish, as administrator of Guy E. Fralish, deceased, to forclose a chattel mort-

gage. From a judgment for defendant, and from an order deny-
ing a new trial, plaintiff appeals. Reversed and remanded.

*N. P. Bromley,* for Appellant.

*W. F. Bruell,* for Respondent.

(2) To point two of the opinion, Appellant cited: Laws
1913, Ch. 207, Sec. 175; Smith v. Quartz, 14 Cal. 242; Kirman
v. Powning, (Nev.) 60 Pac. 834; Flinn v. Shakelford, 42 Ala.
202; Am. & Eng. Ency. Law, (2d Ed.) 1077; 18 Cyc. 464-5-6.

Respondent cited: Laws 1913, Ch. 207, Sec. 2; Prob. Code,
Secs. 170, 178; National Bank v. Kleinschmidt, 33 S. D. 138,
and cases cited; Ellissen v. Hallack, 6 Cal. 393; In re Turner
Estate, 60 Pac. 967.

(3) To point three of the opinion, Appellant cited: Purdin
v. Archer, 4 S. D. 54; Fish v. De Laray, 8 S. D. 320; Thurber
v. Miller, 14 S. D. 352.

Respondent cited: Evans v. Johnson, 46 Pac. 906 (Cal.);
Bank of Sonoma County v. Charles, 24 Pac. 1020 (Cal.); Per-
kins v. Onyett, 24 Pac. 1024.

McCOY, J. This action was commenced to foreclose a chat-
tel mortgage against the administrator of the deceased mortgagor.
Among the defenses interposed by the administrator defendant,
one was that the claim of plaintiff, upon which this suit is based,
was never presented to defendant or filed with him, and no proper
or sufficient proof of any kind of any chattel mortgage, such as
described in plaintiff's complaint, was ever filed with this defend-
ant, or presented to him for consideration.

[1] The cause was tried before the court and a jury; but,
as the action is one triable before the court without a jury, the
verdict could be advisory only, and the ordinary rules as to jury
trials in actions triable before a jury have no application to this
case. The court made the following findings of fact and con-
clusion of law:

"The court finds as a matter of fact that the defendant,
Louis Fralish, is the duly appointed, qualified, and acting ad-
ministrator of the estate of Guy E. Fralish, and was appointed as
such administrator September 12, 1914.

"The court further finds that on the 6th day of October,
1914, the plaintiff presented to the defendant proof of claim of a

promissory note given by Guy E. Fralish to William Massey dated July 9, 1914, due October 1, 1914, for $1,250, with interest at the rate of 7 per cent. per annum; that said note appears to have been secured by a chattel mortgage; that no proper proof of claim of said mortgage was presented to the administrator or filed with him; that no copy of said mortgage was ever presented to the administrator or filed with him.

"The court further finds as a matter of fact that Guy Fralish died intestate on the 19th day of August, 1914; that he was a single man at the time of his death; and he left surviving him his father, who is his sole heir; and that Louis Fralish, who was subsequently appointed administrator of said estate, is brother of Guy E. Fralish, deceased.

"Conclusions of Law.

"As conclusions of law based upon the foregoing findings of fact, the court concludes that judgment should be rendered in favor of defendant and against the plaintiff in this case, and that the plaintiff recover nothing therein."

Judgment was rendered in favor of defendant, from which plaintiff appeals, and assigns as error, among others, that the findings and judgment are against the law and the evidence.

[2, 3] It is the contention of appellant that a chattel mortgage lien is not within the class of claims mentioned in sections 170 and 178 of the Probate Code. We are of the opinion that appellant is right in this contention. Purdin v. Archer, 4 S. D. 54, 54 N. W. 1043; Fish v. De Laray, 8 S. D. 320, 66 N. W. 465, 59 Am. St. Rep. 764; Kelsey v. Welch, 8 S. D. 255, 66 N. W. 390; Thurber v. Miller, 11 S. D. 124, 75 N. W. 900. The failure to present a claim secured by a mortgage or other lien on specific property only affects the deficiency arising after applying the mortgaged property to the payment of the claim or debt secured thereby, and in no manner affects the right of the lien owner to make foreclosure. In this case plaintiff would be entitled to a deficiency judgment by reason of having filed the note secured by the mortgage.

It is urged by respondent that section 2, c. 207, Laws of 1913, requires the filing of a copy of the mortgage or other lien instrument with the claim presented to the administrator. We are of the opinion, however, that sections 170 and 178 were in

no manner amended by said chapter 207. For the purposes of barring actions on claims against the estates of deceased persons the provisions of sections 170 and 178, Probate Code, apply. Sections 174 and 175, Probate Code, as amended by said chapter 207, relate to the hearing and filing of claims for the purposes of a hearing, determination, and administration thereon before the county court, and have no relation to the subject of the presentation of claims comprehended within the meaning and purposes of sections 170 and 178 of said Code.

The judgment and order appealed from are reversed, and the cause remanded for further procedure in harmony with this decision.