THE PRINTZ-BIEDERMAN COMPANY, Appellant, v. TORGESON, Administratrix, Respondent.

(168 N. W. 796).

(File No. 4216.   Opinion filed September 3, 1918.)

**Executors and Administrators—Claims, Presentation of Unverified Claims, Verified After Time Limit—Absentee Claimant, Whether Claim Barred.**

Where an unverified statement of claim was presented to an administratrix within the time limit in notice to creditors, was lamely amended within said period, but was not duly verified until after expiration of said period, and was then presented before distribution of estate, held, construing Prob. Code, Sec. 170, providing that if claim be not presented within time limited it is barred, except (among other exceptions) that if made to appear that claimant had no notice of the published notice to creditors by reason of being out of the state, claim may be presented at any time before distribution, and Sec. 171, providing that every such due claim when presented must be supported by affidavit of claimant, etc.,—that, the claim having been twice presented to administratrix before expiration of said period, the fact that as presented it was not in proper form as to verification, is immaterial; claimant having the right to amend and present claim again in proper form, so long as presented within said period; that the claim did not fall within the exceptions to Sec. 170, although claimant may have been

out of the state and without notice of the time fixed for presentation of claims until after that time had elapsed; and the claim was barred under those sections.

Appeal from Circuit Court, Lincoln County.   HON. JOSEPH W. JONES, Judge.

Action by The Printz-Biederman Company, a corporation, against Trina Torgeson, Administratrix of the Estate of T. L. Torgeson, deceased, to recover upon a claim against the estate. From a judgment of dismissal of the action, plaintiff appeals. Affirmed.

*A. B. Carlson,* for Appellant.

*Brown & Brown,* for Respondent.

Appellant cited:

Detroit Automatic Scales Co. v. Torgeson, (S. D.) 156 N. W. 86; Cullerton v. Meade, 22 Cal. 96.

POLLEY, J.   This action is against the defendant as administratrix of the estate of a deceased person. Said decedent died on the 20th day of October, 1912. Defendant was appointed administratrix of decedent's estate on the 11th day of November, 1912, and on the 29th day of said month she published notice to creditors, limiting the time for the presentation of claims against the said estate to six months from said last-mentioned date. The plaintiff is a foreign corporation, and had no place of business, nor does it appear to have had any agent or representative, in this state. Plaintiff knew, as early as about the 14th day of November, 1912, of the death of the said decedent and of the appointment of defendant as administratrix of the estate. On or about the 7th day of December, 1912, plaintiff forwarded to defendant an unverified statement of the account involved in this case. On the 13th day of said month defendant wrote to plaintiff, advising it to forward a certified statement of the account, and on December 19th plaintiff did forward to defendant a statement of said account, the correctness of which was certified to by an officer of plaintiff company, but such statement was not sworn to. No attention appears to have been given to this statement, and some time after the 22d day of July, 1913, and after the expiration of the time for filing claims against the estate, plaintiff forwarded another statement of said account. This statement purports to have been sworn to be-

4—Vol. 41, S. D.

fore a notary public; but the affidavit did not comply with the law, and the notary before whom it was sworn to failed to attach his notarial seal. Nothing further appears to have been done in the matter until the 31st day of January, 1914, when plaintiff presented an itemized statement, properly signed and verified by the affidavit of an officer of the plaintiff company. This affidavit contained matter sufficient, under the provisions of section 170, Probate Code, to excuse a nonresident for not presenting his claim within the time limited in the published notice to creditors, provided such claim had not been previously presented. This claim was rejected by the defendant, and this action was commenced within three months thereafter.

On the trial it was made to appear, by undisputed evidence, that plaintiff was not in this state during the publication of the notice to creditors, and that it had no knowledge of the publication thereof. The trial court held that, plaintiff not having commenced its action within the statutory period after the first statement was presented, the court was without authority to entertain the action, and entered judgment dismissing the action. From such judgment plaintiff appeals.

Section 170, Probate Code, provides that, if a claim be not presented to the administrator within the time limited in the published notice, it is forever barred, unless it be made to appear by an affidavit on behalf of the claimant that the claimant had no notice of the time limited, because of his absence from the state. In such case the claim may be presented at any time before the decree of distribution is entered, and it is appellant's contention that, having been out of the state, and not having had notice of the time limited in the notice to creditors, it has a right to present its claim at any time before the entry of decree of final distribution, and that the claim presented by it on the 31st day of January, 1914, is a sufficient basis for this action. But section 170 has no application to the facts in this case. It will be noted that this section applies only to claims "not presented within the time limited in the notice." But the claim involved in this case had been presented to the administratrix at least twice before the expiration of the time for that purpose. The fact that the claim as presented on these occasions was not in proper form, and not properly verified, is not material. Appellant had the right to amend his claim, and present

it again and in proper form, so long as he presented it within the time fixed in the notice. F. A. Patrick & Co. v. Austin, 20 N. D. 261, 127 N. W. 109; Westbay v. Gray, 116 Cal. 660, 48 Pac. 800. But, having been presented within the time fixed in the notice, it does not fall within the exception made in section 170, although the claimant may have been out of the state and without notice of the time fixed for the presentation of claims until after that time had elapsed. Appellant, not having complied with the provisions of sections 170 and 171, Probate Code, in the preparation and presentation of its claim, is barred by the provisions of those sections, and the action was properly dismissed.

The judgment and order appealed from are affirmed.