[File No. 6153.]

O. G. MYRON, Respondent, v. BJORGULF ROISLAND, Executor, Appellant.

(247 N. W. 893.)

Opinion filed April 11, 1933.

*J. A. Alphson* and *Carroll E. Day*, for appellant.
*Thoresen & Paletz,* for respondents.

CHRISTIANSON, J. This controversy originated in the county court of Grand Forks county. The petitioner Myron filed a claim against the estate of D. S. Roisland, deceased. The claim is based upon a promissory note dated February 13, 1928 in the sum of $1,000.00, executed and delivered by the decedent Roisland, and payable to the order of the petitioner Myron. The claim was not allowed by the executor and a hearing was ordered and had before the county court. The parties appeared by counsel and witnesses were sworn and testified. After such hearing the county court entered an order allowing the claim. The

executor appealed to the district court. In the district court the matter was tried anew. Many witnesses were sworn and testified. At the close of the trial the district court announced his decision and directed that findings and conclusions be prepared in favor of the petitioner. Judgment was entered accordingly, and the executor has appealed.

The contentions of the executor advanced in the county court, in the district court, and again in this court, are:

(1) That the note was executed and delivered without consideration.

(2) That it was obtained by fraud, duress or undue influence.

(3) That the decedent Roisland, at the time of the alleged execution of the note, was mentally and physically incapable of making a contract.

(4) That the note is usurious.

It appears from the evidence adduced upon the trial that the petitioner Myron and the decedent Roisland had been neighbors for a long period of time. Before coming to North Dakota they were neighbors in Minnesota. At one time a fire originated on lands belonging to Roisland and spread to lands belonging to the petitioner Myron and injured or destroyed some of his property. The evidence also discloses that the fire and the resulting injury had been somewhat of a bone of contention between them for years. The petitioner apparently insisted that Roisland was responsible for the fire and, consequently, liable for the damage sustained as a result thereof; while Roisland, on the other hand, disclaimed liability. In the winter of 1928 Roisland was ill and confined to his bed either as a result of rheumatism or the result of an injury to his hip or both. He signed and delivered the note in suit while in bed. It appears that the matter of an adjustment of their differences had been discussed between them on at least two or three occasions before the note was signed. At the time the note was signed the decedent had directed his son-in-law to go and bring the petitioner there. The decedent's son-in-law and other members of the household were present when the note was signed. It appears that on a former occasion when the adjustment was discussed the decedent refused to give a note for $1,500 stating that that was too much but that he would pay $1,000 and give a note for that sum.

The evidence further discloses that on March 12, 1928, that is,

approximately a month after the execution and delivery of the note the decedent made and published his last will and testament. The will was prepared by one of the attorneys who represented the executor on the trial and who represents him on this appeal. The subscribing witnesses to the will were such attorney and the physician who attended the decedent, and the appellant admits that at the time of the execution and publication of the will the decedent was in full possession of his mental faculties. The will contains somewhat elaborate and detailed provisions as to the disposition of the property and even directions for the carrying on of the operation of farms left in trust. The attorney who prepared the will testified that the directions as to the provisions of the will were all given by the decedent at the time the will was prepared. In the will specific reference is made to the note in controversy here. The decedent in his will recited that he had deeded a certain tract of land to his daughter, Tarjer Sannes; that in consideration of the property so deeded his said daughter had deeded to him a certain eighty acre tract of land and further had assumed and agreed to pay the note in suit here; and the testator specifically directed that in the event the said Tarjer Sannes should fail to meet the obligation so assumed by her, that the amount of such obligation should be deducted from her share in the estate.

Elsewhere in the will the testator directed that all his just debts be paid. There is no contention that the estate is insolvent. On the contrary, on the oral argument it was conceded that it is solvent. There is no claim that the allowance and payment of the claim in question here will interfere with the payment of claims of other creditors of the estate.

As we construe the provisions of the will, it was the intention of the testator that in the event his daughter Tarjer Sannes failed to pay the note in question here that the same should be paid as a claim against the estate of the testator in the ordinary course of administration, and upon final distribution the amount so paid should be deducted from the share of the estate that otherwise would go to Tarjer Sannes.

In light of the facts to which we have alluded we do not deem any of the defenses sought to be asserted by the executor to have any validity. The testator had a right as against beneficiaries or legatees to direct the payment of claims or debts which he saw fit to recognize

as such and to charge his property with such payment and it does not lie in the mouth of the executor or the beneficiaries or legatees to say that the testator did not owe a debt which he has directed to be paid in the very instrument which brought into being the powers and rights which they claim. The great and fundamental rule of construction of wills is to ascertain and give effect to the intention of the testator. Here the intention of the testator is clear. He has indicated in language too clear for doubt that he deemed the note in question a valid obligation. He not only recognized it as such but gave specific direction that funds belonging to his estate might, and in certain circumstances should, be utilized for the purpose of paying it. This provision is as clear as any other provision in the will. The executor cannot be heard to say that the clearly expressed will of the testator should not be carried out. "If testator provides specifically that certain debts shall be deducted from the share of a beneficiary, full effect will be given thereto. The validity of the debts which are specifically described can not be disputed. The will is final as to the method of computing interest." 2 Page, Wills, 2d ed. § 1373.

The judgment appealed from is in accord with and carries out the directions of the will. It should be and is affirmed.

NUESSLE, Ch. J., and BURR, BIRDZELL and BURKE, JJ., concur.