In re FRANK'S ESTATE

BROWN COUNTY HOLDING CO., Appellant, v.
MUELLER et al., Respondents

(38 N. W.2d 468.)

(File Nos. 9019, 9020.  Opinion filed July 19, 1949.)
Rehearing denied Aug. 19, 1949

Max Stokes, Aberdeen, for Appellant.
Dwight Campbell, F. W. Noll, Aberdeen, for Respondents.

HAYES, J.   Involved in these consolidated appeals are the rulings of the county court rejecting and disallowing a claim of Brown County Holding Company, a corporation, claimant-appellant, against the estate of Herman O. Frank,

deceased. The question is whether the claim was presented to the administrator of the estate as required by a notice to creditors published in compliance with Ch. 61, Laws of 1933, the law then applying.

In August, 1935, one R. A. Mather was appointed administrator of the Frank estate. The first publication of notice to creditors was made on September 19, 1935. By such notice creditors were allowed six months within which to present claims. On March 2, 1936, an official of the claimant company verified and left with its attorney a proof of claim for the amount of the indebtedness asserted against the Frank estate, with a copy of deceased's promissory note thereto attached. This attorney was also counsel for Mr. Mather, the administrator.

In December 1937, the administrator filed in county court an account or report covering the period subsequent to his appointment and disclosing the affairs of the estate and the steps taken by the administrator to the date of said accounting. The same recites that there has been "presented to your administrator" a creditor's claim and describes the claim of Brown County Holding Company. The date of the presentation of said claim is not given. One other claim is thereafter described in this account and is alleged to have been presented. A second account was made to the court in May 1940. This account refers to the two claims described in the first account and informs the court that the same are unpaid and that it will be necessary to sell assets of the estate "in order to pay the claims presented." These accounts were prepared by the attorney for both parties. Subsequent accounts of administrator Mather make no mention of the claim in question. Mr. Mather, at his own request and after court approval of his final account as resigning administrator, was discharged in April 1944, as the representative of the Frank estate. He died during the early spring of 1945. On May 21, 1945, the proof of claim was filed with the clerk of courts. The same bore no endorsement by either the administrator or the county judge. From the time of the preparation thereof and until the filing of the same with the clerk, a period of nine years, the proof of claim remained in the attorney's possession.

More than a year after the filing of the proof of claim a petition to the court, purporting to be made on behalf of heirs of Herman O. Frank, deceased, alleged that said proof of claim had not been presented to the administrator and requested that the same be declared a nullity and stricken from the files. Upon hearing said petition the court found that the claimant had not complied with SDC 35.1401 and 35.1407 and entered an order disallowing and rejecting the claim. Thereafter the present administrator filed a report assailing the proof of claim as insufficient in form and barred by the statute of limitations. A subsequent order denied leave sought by claimant to amend the proof of claim and again disallowed the claim. Appealing from these orders to the circuit court claimant at trial de novo sought to prove that the claim in question had been exhibited to administrator Mather at the office of attorney some time between March 2 and March 18, 1936. Judgments of the latter court affirmed the rulings of the county court. From such judgments appeals to this court followed.

From the foregoing statement of the case it is observed that the heirs of the estate, by their petition above mentioned, disputed as a matter of fact the timely presentation of appellant's claim. Confronted with this challenge appellant assumed the burden of proving such fact. Counsel have agreed that this burden rested with the claimant. We determine therefore whether the proof upon which appellant relies was such as should have resulted in a finding that said claim had been exhibited to the administrator within the required period.

Relying upon the admissions embraced in administrator Mather's accounts, appellant sought to prove by the testimony of the attorney with whom it had left its proof of claim, Mr. Lundberg, that the same was exhibited to the administrator not later than March 19, 1936, the last day before the bar of the statute would raise. The attorney gave reasons for thinking that he exhibited the claim to the administrator when the latter called at his office and he relates some of the discussion between him and the administrator about the claim. However, the attorney's testimony is altogether too indefinite to fix the time when Mather

visited his office after preparation of the claim. The effect of part of the attorney's testimony is such as to have fairly lead the trial court to believe that the administrator may or may not have seen the claim at Lundberg's office and that in any event the claim was not presented in time to avoid the bar of the statute. From this and from other evidence received we are of the view that the trial court was fully warranted in drawing the inference that a due presentation of said claim was in fact not made. Coupled with the undisputed facts that Lundberg prepared both the proof of claim and the accounts admitting presentation thereof, that the claim bore no endorsement by the administrator, that it remained in Lundberg's possession for more than nine years after it was prepared and that it was not filed with the clerk until after Mather's death, it should be here further noted that Mr. Mather was either out of town or ill at the time when the proof of claim was left at Lundberg's office. We think that the probative value of the admission of presentation in the administrator's accounts was overcome, if not wholly destroyed, by the facts related to the trial court and that the evidence was and is altogether sufficient to sustain the ruling against appellant.

Other points raised by appellant have been reviewed with care. The same do not appear to us to be of such merit and weight as to warrant expressing opinions thereon.

Judgments affirmed.

ROBERTS and RUDOLPH, JJ., concur.

SMITH, P.J., and SICKEL, J., dissent.