**In the Matter of the ESTATE OF Charlotte BACHAND, a/k/a Charlotte J. Bachand, Deceased.**

**No. 13201.**

Supreme Court of South Dakota.

Submitted on Briefs April 21, 1981.

Decided June 17, 1981.

---

J. M. Costello, Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, for appellant; Donald A. Porter of Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, on the brief.

J. Donald Lysaught, Jr. of Walker, Lysaught & Waggoner, Rapid City, for appellee.

FOSHEIM, Justice.

Charlotte Bachand died testate on November 18, 1979. Her estate was summarily administered and this appeal is from an order disallowing the creditor's claim of Rapid City Medical Center (appellant). We affirm.

The notice of hearing was mailed and published as provided by statute. Appellant did not appear at the hearing on December 21, 1979, and failed to file a creditor's claim until April 29, 1980. The claim listed medical expenses from July 24, 1979, to December 5, 1979.

Appellant distinguishes expenses of last illness from the usual claims against an estate. Such charges, it is urged, must be paid when sufficient funds are available under SDCL 30–21–4,[1] whether or not a proper creditor's claim has been presented.

---

1. SDCL 30–21–4 reads:

The executor or administrator, as soon as he has sufficient funds in his hands, must pay the funeral expenses, the expenses of the last sickness, and the allowance made to the family of the decedent. He may retain in his hands the necessary expenses of administration, but he is not obliged to pay any other debt or any legacy until, as prescribed in this chapter, the payment has been ordered by the court.

Appellant claims that SDCL 30–11–12[2] and SDCL 30–21–1 pillar its position.

Appellee counters that the failure of appellant to present and file a claim as provided by statute barred payment under SDCL 30–11–5.[3] Appellee contends it is the duty of the court to adjust and determine the amounts actually owing to the respective creditors, if any, and the rights of such creditors as to priority under SDCL 30–11–9,[4] but that such function is conditioned upon the timely presentment of proper claims.

A summary administration of small estates under SDCL ch. 30–11 is but a simplification of general administration procedures. *Porter v. Mad Bear*, 76 S.D. 408, 79 N.W.2d 443 (1956). It is the settled law in this state that no holder of any claim against an estate shall maintain an action thereon unless the claim is first presented to, and rejected by, the executor or administrator and proof of the performance of such condition is essential. *Murray v. Johnson*, 28 S.D. 571, 134 N.W. 206 (1912).

The requirements of a creditor's claim are expressed in SDCL 30–21–22[5] and omission of any of the requisites from the affidavit renders the claim materially defective. *Dakota Nat. Bank v. Kleinschmidt*, 33 S.D. 132, 144 N.W. 934 (1914). The claim is similarly barred if it is not timely presented. *Printz-Biederman Co. v. Torgeson*, 41 S.D. 48, 168 N.W. 796 (1918).

Appellant's reliance upon *In re Johnson's Estate*, 66 S.D. 331, 283 N.W. 151 (1938), is misplaced. In that case, the appellants contended that, since no claim was presented to the executors or filed against the estate for the amount of a mortgage held by the Federal Land Bank on one of the quarters of land devised by the decedent, the executors could not legally pay off the encum-

**2.** SDCL 30–11–12 in pertinent part provides:

Upon entry of such findings of fact and conclusions of law, the court shall enter a decree, ... which shall distribute the estate ... in the order of priority set forth:

. . . .

(3) To creditors, according to the rights of such creditors as to priority, under the provisions of this title[.]

The priority cross-reference is to SDCL 30–21–1, which reads in pertinent part:

Except as provided by § 30–21–2, all demands against the estate of any deceased person must be paid in the following order:

. . . .

(3) The expenses of last sickness[.]

**3.** SDCL 30–11–5 reads:

Upon such petition being filed, the court must fix a time and place for hearing thereon and give notice thereof as provided in this section. Such notice must set forth:

(1) The name, post-office address, and date of death of the decedent;

(2) The name and post-office address of the petitioner;

(3) That the total value of the decedent's estate as set forth in the petition on file and referred to for further particulars, is within the limits set forth for summary administration in this chapter;

(4) The time and place of hearing;

(5) That upon such hearing the court will determine whether such estate is to be distributed forthwith and, if so, to whom the same is to be distributed;

(6) That upon such hearing, any heir, heir at law, legatee, devisee, creditor, or person interested may appear and assert any right as to such estate, and, if he desires, show cause why such petition should not be granted;

(7) That if such distribution is made, the claim of any creditor not presented at such hearing will be barred.

**4.** SDCL 30–11–9 reads:

If, however, the court determines that the value of the decedent's estate is within the limitations prescribed in § 30–11–1, the court shall proceed, in a summary manner, to adjust and determine the respective rights of all persons interested, including amounts actually owing to the respective creditors, if any, and the rights of such creditors as to priority.

**5.** SDCL 30–21–22 reads:

Every claim which is due when presented to the administrator must be supported by the affidavit of the claimant or someone in his behalf, that the amount is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of the claimant or affiant. If the claim be not due when presented, or be contingent, the particulars of such claim must be stated. Each claim must state the claimant's post-office address. The executor or administrator may also require satisfactory vouchers or proofs to be produced in support of the claim. When the affidavit is made by a person other than the claimant, he must set forth in the affidavit the reason why it is not made by the claimant.

brance. We indicated that the holder of the mortgage may prefer to rely entirely on the enforcement of his lien against the specific property mortgaged rather than present his claim against the estate and concluded that the presentment and filing of a claim was, therefore, unnecessary. In that case, however, we did not confirm that conclusion by reiterating the well-established law in this state that, with the exception of a claim for a deficiency which may exist after a foreclosure sale, *Thurber v. Miller*, 11 S.D. 124, 75 N.W. 900 (1898), modified on rehearing, 14 S.D. 352, 85 N.W. 600 (1901), creditors whose demands are secured by a mortgage upon the decedent's property are expressly relieved from the operation of the statute requiring claims to be presented to the executors. SDCL 30–21–21.[6] *Massey v. Fralish*, 37 S.D. 91, 156 N.W. 791 (1916); *Meade County v. Welch*, 34 S.D. 348, 148 N.W. 601 (1914); *Kelsey v. Welch*, 8 S.D. 255, 66 N.W. 390 (1896); *Purdin v. Archer*, 4 S.D. 54, 54 N.W. 1043 (1893).

 We conclude that claims for last illness are not exempt from the statutes governing content, execution and time of presentment of claims and that the priority of payment statutes assume the existence of a valid and timely claim. The fact there may have been some actual knowledge of the claim by those involved in the probate process does not relieve the creditor of that requirement. *Cf., In re Frank's Estate*, 73 S.D. 1, 38 N.W.2d 468 (1949).

Appellant next points to this provision in the last will and testament of Charlotte Bachand:

I hereby direct my Executor, out of the first funds available, to pay the expenses of my last sickness, funeral expenses and all of my other just debts and obligations.

It is suggested that such a direction renders the filing of a creditor's claim for last illness expenses unnecessary.

In most jurisdictions, a general direction in a will for the payment of debts which does not create an express trust does not obviate the necessity on the part of a creditor of presenting, probating, proving, or prosecuting his claim within the period fixed by the nonclaims statute. But, where the direction in the will is specific as to the debt to be paid or the property from which payment is to be made, or where it is of such a nature as to create an express trust, it has been held that there is no necessity for the creditor to present or prosecute his claim within the time designated by the nonclaim statute. 31 Am.Jur.2d, Executors and Administrators, § 274 (1967); 34 C.J.S. Executors and Administrators § 394 (1942); Annot., 65 A.L.R. 861 (1930).

By way of illustration, we summarize some specific decisions which seem to apply the general rules. In *Devers v. Schreiber*, 50 Ohio App. 442, 198 N.E. 601 (1935), it was held that a direction in the will for payment of the testatrix's last illness expenses did not excuse presentment of a claim therefore as required by statute. For similar conclusions, see *Lowry v. Crandall*, 52 Ariz. 501, 83 P.2d 1003 (1938); *Parchen v. Hauschild*, 159 Wash. 49, 292 P. 116 (1930); Annot., 120 A.L.R. 275 (1939).

The testator in *Myron v. Roisland*, 63 N.D. 313, 247 N.W. 893 (1933), recited in his will that he had deeded a certain tract of land to his daughter, in consideration for which she had deeded to him an 80-acre tract of land and also had assumed and agreed to pay a certain note. The will specifically directed that in the event the daughter failed to meet the assumed obligation, the amount thereof should be paid by his estate and deducted from her distributive share. The North Dakota Supreme Court found that such a direction showed a clear intention because the testator not only recognized the note in question to be a valid obligation, but gave specific direction that

---

6. SDCL 30–21–21 reads:

Nothing in § 30–21–17 or in this title shall be construed to prohibit the right or limit the time of foreclosure of mortgages upon real or personal property of decedent, but every such mortgage may be foreclosed within the time and in the mode prescribed by the statutes and rules of civil procedure, except that no balance of the debt secured by such mortgage remaining unpaid after foreclosure shall be a claim against the estate unless such debt was filed as required by this title.

funds belonging to his estate might, and in certain circumstances should, be utilized for the purpose of paying it. Having given specific instructions that the debt should be deducted from the share of the beneficiary, the court held that full effect should be given thereto.

Likewise in *Jordan v. Young*, 148 Kan. 829, 830, 84 P.2d 970, 971 (1938), the will stated that a daughter was entitled to five hundred dollars and that "[s]he must be paid." That was followed by a direction for the division of the proceeds from the sale of the farm after the daughter was paid. The Kansas Court held that the daughter was entitled to payment according to the will, without exhibiting a claim.

█ Nonclaim statutes are intended to give finality to probate proceedings and to enable the personal representative of the deceased to close the estate without risk of liability for having overlooked a legitimate debt or claim. The law compels the payment of all just debts of any decedent where there are sufficient assets and the proper legal steps have been pursued to obtain recovery. A mere formal direction in a will that all just debts must be paid is meaningless and does not obviate the necessity of presenting a claim for allowance as provided by statute. *Lewis v. Smith's Estate*, 130 Ind.App. 390, 162 N.E.2d 457 (1959); *Boyd's Estate v. Thomas*, 162 Minn. 63, 202 N.W. 60 (1925).

█ When the will was drawn, neither the amount due, nor the identity of, any last illness claimant was known. Actually, it was not then certain whether there would be any such expense. Accordingly, the direction in the will was not a specific direction as to a debt to be paid, and no certain property was designated from which payment was to be made. Consequently, the quoted provision in the testator's will did not operate to excuse appellant's failure to present a claim within the prescribed time.

The order disallowing appellant's claim is affirmed.

All the Justices concur.