In the Matter of the ESTATE OF Elsie
FRANDSON, Deceased.

Louis FRANDSON, Petitioner
and Appellant,

v.

Clarence SCHOTT, Respondent
and Appellee.

Civ. No. 11040.

Supreme Court of North Dakota.

March 19, 1986.

Overboe & Cuffe, West Fargo, for petitioner and appellant; argued by David A. Overboe.

Donald Holand, Fargo, for respondent and appellee.

GIERKE, Justice.

Louis Frandson appeals from a county court judgment denying his claim for funeral and medical expenses against the estate of his late wife, Elsie Frandson. We affirm.

Elsie died on June 19, 1981. There have been a series of controversies and court proceedings between Louis and the estate since Elsie's death. Louis first challenged the admission to probate of a duplicate original will Elsie had executed prior to their marriage. After the county court admitted the will to probate, Louis sought an intestate share of the estate as an omitted spouse under § 30.1–06–01 (2–301), N.D.C.C. The county court determined that Louis was not an omitted spouse, and this court affirmed that decision in *Matter of Estate of Frandson*, 356 N.W.2d 125 (N.D.1984). On December 3, 1984, almost three and one-half years after Elsie's death, Louis filed a claim against the estate for Elsie's funeral-related expenses and

pre-death medical expenses. The county court denied the claim for $6,913.24 on the ground that it was untimely filed under the non-claim provisions of § 30.1–19–03 (3–803), N.D.C.C. This appeal followed.

A notice to creditors of Elsie's estate was not published in this case. Under these circumstances, § 30.1–19–03(3–803), N.D.C.C.,[1] bars claims against the estate that arose before the decedent's death unless they are presented within three years after the decedent's death, and bars claims against the estate that arise at or after the decedent's death unless they are presented within three months after such claims arise. It is undisputed in this case that Louis' claim for medical expenses and funeral-related expenses was untimely filed under the terms of § 30.1–19–03 (3–803), N.D.C.C. Louis asserts, however, that certain circumstances in this case operated either to toll the running of the statute or to make it inapplicable to his claim.

■ Louis first asserts that the estate should be equitably estopped from relying on the non-claim statute. He contends that because of the continuous legal proceedings concerning the validity of the duplicate original will and his asserted status as an omitted spouse, and because he "had every reason to believe that he would have the entire estate up until the Supreme

---

1. Section 30.1–19–03(3–803), N.D.C.C., provides in pertinent part:

"*30.1–19–03. (3–803) Limitations on presentation of claims.*

"1. All claims against a decedent's estate which arose before the death of the decedent, including claims of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, if not barred earlier by other statute of limitations, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented as follows:

\*     \*     \*     \*     \*     \*

"b. Within three years after the decedent's death, if notice to creditors has not been published.

"2. All claims against a decedent's estate which arise at or after the death of the dece-

dent, including claims of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented as follows:

\*     \*     \*     \*     \*     \*

"b. Any other claim, within three months after it arises."

The term "claims" is defined in § 30.1–01–06(5) (1–201), N.D.C.C., as including "liabilities of the decedent or protected person whether arising in contract, in tort, or otherwise, and liabilities of the estate which arise at or after the death of the decedent or after the appointment of a conservator, including funeral expenses and expenses of administration."

Court Mandate on October 23, 1984,"[2] he was not required to file a claim within the statutory time limit.

■ An essential element of equitable estoppel is a representation which may consist of words, acts, or silence, believed and relied upon by the party claiming the benefit of the estoppel which induced him to act or refrain from acting, to his prejudice. *Beck v. Lind,* 235 N.W.2d 239, 249 (N.D. 1975). Although equitable estoppel has been recognized as an exception to compliance with non-claim statutes, there must, at a minimum, be some form of affirmative deception involved before the doctrine may be invoked. *See, e.g., In re Estate of Peterson,* 433 So.2d 1358, 1359 (Fla.Ct.App. 1983).

■ There is no hint of affirmative deception in this case. Although Louis relies on a stipulation entered into between the parties on August 31, 1981, we do not consider the stipulation to be of such a nature as to invoke the doctrine of equitable estoppel. The stipulation provided that "upon the hearing now scheduled for the 22nd day of September, 1981, at 10 o'clock a.m., the sole issue to be heard and determined will be confined to the issue of proof and probate of the duplicate original will hereinbefore filed herein, together with the issue of the appointment of the Contestant as administrator pursuant to his petitioner (sic) heretofore filed herein." This stipulation merely limited the issues to be heard at a specific hearing on a specific date. The stipulation did not prevent Louis from at any time filing his claim for medical and funeral expenses against the estate. Thus, the instant case is not one in which the defendant agreed not to assert a statute of limitations defense if the plaintiff would forbear bringing suit pending the culmination of other litigation, or where an action is postponed pursuant to an agreement that the suit shall not be brought pending the outcome of other litigation. *See generally* Annot., 45 A.L.R.3d 703 (1972).

■ Louis also asserts that the court's failure to formally appoint a personal representative for Elsie's estate tolls the non-claim statute. Counsel for the estate has informed us that on May 24, 1982, following the trial on the issue of the admissibility of the duplicate original will, the court issued letters to Clarence Schott pursuant to the provisions of Elsie's will, and he has served as "personal representative" since that date, although the record before us[3] does not contain a formal order appointing Schott personal representative.

We reject Louis' contention. Louis does not assert that his reason for the delay in filing the claim is because he was unaware of the proper party to whom the claim should be presented. Indeed, Louis has been continuously involved in litigation with Schott and the estate since shortly after Elsie's death. In addition, § 30.1–19–04(1) (3–804), N.D.C.C., provides that a claim may be either presented to the personal representative or filed with the clerk of court. Under the circumstances, Louis' assertion that the failure of the court to formally appoint a personal representative tolls the non-claim statute with regard to his claim is without merit.

Louis also asserts that a provision in Elsie's will rendered unnecessary the filing of his claim against the estate. Elsie's will provides in part that "[f]irst, I order and direct that my executor herein named, and after my passing, shall pay all my just

2. It is unclear how Louis received the impression that he would inevitably be entitled to the entire estate. If Louis' argument is that his counsel assured him of a favorable outcome in the other litigation, and that his reliance on this advice somehow tolled the running of the non-claim statute, we reject the contention. Reliance upon the advice of one's counsel does not constitute a justification which of itself entitles that person to equitable relief. *See generally*

*Schneider v. Striefel,* 302 N.W.2d 405, 408 (N.D. 1981) [erroneous advice of counsel did not constitute justification which would entitle party to restitution].

3. The record certified to this court commences with document number 145, which is Louis' claim for funeral and medical expenses dated December 3, 1984.

810

debts and funeral expenses as soon after my decease as convenient." Louis relies upon *Black v. Black*, 58 N.D. 501, 226 N.W. 485 (1929), for the proposition that this provision in Elsie's will relieved him of the obligation of presenting a claim against the estate for medical and funeral expenses, and thus the non-claim statute is inapplicable.

In *Black*, this court held that when a will, in addition to general provisions for the payment of debts, contains a direction for the payment of a particular obligation, it is not necessary to present that claim for allowance. The will provision in *Black*, however, directed the executor to pay an existing mortgage debt on specific land deeded to a college from specific estate funds. The provision at issue in *Black* differs from a general provision in a will directing payment of all just debts and funeral expenses.

■ A general direction in a will for the payment of debts which does not create an express trust does not obviate the necessity on the part of a creditor of presenting the claim within the period fixed by a non-claim statute. *See* Annot., 65 A.L.R. 861, 862 (1930). However, where the direction in a will is specific as to the debt to be paid or the property from which payment is to be made, or is of such a nature as to create an express trust, there is no necessity for the creditor to present the claim within the statutory time period. *See* Annot., 65 A.L.R., *supra*.

■ The general direction in Elsie's will is not of such a nature as to create an express trust for the payment of her medical and funeral expenses. The identity of the claimant or claimants was not known, nor was the amount due for her medical and funeral expenses, at the time the will was executed. No specific estate property was designated in the will from which payment was to be made. We agree with those courts which have held that similar general provisions in a will did not obviate the necessity of filing a claim for medical or funeral expenses within the statutory time period. *See Lewis v. Smith's Estate*, 130 Ind.App. 390, 162 N.E.2d 457 (1959)

[provision in will directing executor to pay "all my just debts, funeral expenses and costs of administration of my estate" did not create an express trust so as to preclude application of the non-claim statute]; *Matter of Estate of Bachand*, 307 N.W.2d 140 (S.D.1981) [provision in will directing executor "to pay the expenses of my last sickness, funeral expenses and all of my other just debts and obligations" did not render filing of creditor's claim for last illness expenses unnecessary].

As the court stated in *Matter of Estate of Bachand, supra*, 307 N.W.2d at 144:

"Nonclaim statutes are intended to give finality to probate proceedings and to enable the personal representative of the deceased to close the estate without risk of liability for having overlooked a legitimate debt or claim. The law compels the payment of all just debts of any decedent where there are sufficient assets and the proper legal steps have been pursued to obtain recovery. A mere formal direction in a will that all just debts must be paid is meaningless and does not obviate the necessity of presenting a claim for allowance as provided by statute...."

The judgment is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.