## PURDIN v. ARCHER.

1. Where in a chattel mortgage, the mortgagor agrees that upon default the mortgagee may take possession of the mortgaged property either preliminary to foreclosure or for preservation, the right of the mortgagee to take possession is not defeated by the death of the mortgagor.

2. In such case the mortgagee's right of possession is good against the mortgagor's administrator.

3. The mortgagee's claim to such possession is not such a claim as must, under Section 5790, Comp. Laws, be presented to the administrator for allowance or rejection.

(Syllabus by the Court. Opinion filed April 19, 1893.)

Appeal from Minnehaha county court. Hon. E. PARLIMAN, Judge.

Action of claim and delivery by John I. Purdin, as special administrator of the estate of Lester S. Peck, deceased, against John Archer, to recover the possession of certain personal property. There was judgment for plaintiff, and defendant appeals. Reversed.

The facts are fully stated in the opinion.

*Joe Kirby,* for appellant.

An administrator stands in no better position as to the property of the deceased mortgagor than the latter would were he living. Griffin v. Wertz, 2 Ill. App. 487; Chateau v. Jones, 11 Ill. 300; Pingrey on Chat. Morts., § 343,

*M. A. Butterfield,* for respondent.

A chattel mortgage is a contract. Pitts v. Shipley, 46 Cal. 154. The court cannot by implication, supply a fundamental requisite for the defense. Abbott's Pl. 33. The title of personal property of a deceased, vests in the administrator or executor. 7 Am. & Eng. Enc. Law, 232; Scholer on Ex. & Adm. §§ 239, 276; Highnote v. White, 67 Ind. 596; Mall v. Hagthorp, 3 Bland, 551; Beecher v. Buckingham, 18 Conn. 110; Bears v. Montgomery, 46 Ind. 544; Alston v. Cohn, 1 Woods, 487. Property sold by an executor cannot be followed into the hands of the vendee. Williams Ex. 936; Goodwin v. Jones, 3 Mass. 514; State v. Moore, 18 M. App. 406; Elsenbise v. Elsenbise, 4 Wats, 134; Snodgrass v. Cabmass, 5 Ala. 160.

KELLAM, J. This is an action in claim and delivery, brought by respondent as administrator, to recover the possession of certain personal property held by appellant under and by virtue of chattel mortgages executed on the same by respondent's intestate    The facts are not in dispute, and it is not contended by respondent but that such facts would, if the mortgagee were still living, justify appellant's possession; his claim being that, by the death of the mortgagor, the mortgagee's right to take possession of the mortgaged property under the terms of the mortgage, either for foreclosure or for its preservation, became inoperative, and that by statute, (Section 5748, Comp. Laws,) upon respondent's appointment and qualification as special administrator, it became his duty, and it was his right, to take and hold possession of this mortgaged property as a part of the estate of his intestate, as against the holder of

the chattel mortgages which had been defaulted. In this view the trial court concurred, and directed a verdict and judgment for the plaintiff.

We do not think the position is tenable. The rights of the mortgagee are contract rights, and are not affected by the death of the mortgagor. In his contract of mortgage, deceased had agreed that if he made default the mortgagee might "take the said property wherever the same may be found." He had thus specifically disposed of his right to the possession of the property after default, and such right of possession, as against the mortgagee, was no longer a part of his estate. The administrator could take and administer only upon what estate his intestate left. After his default he still had the right to redeem, or, if unexercised, the right to any surplus after the mortgage debt was paid. This being the extent of the mortgagor's right to or interest in the mortgaged property, this was all that passed to his administrator. He had disposed of the right of possession as effectually as though he had, to use a term more applicable to real estate, leased the property to another for a term still pending and undetermined at the time of his death. Suppose, instead of mortgaging this property, the deceased in his lifetime had turned it over as a pledge to secure the payment of this debt, and had died before the debt was paid; would it then be contended that it was the right and duty of the administrator to take and hold possession of such property against the pledgee? We think not, for that might destroy the pledge, (Section 4394, Comp. Laws;) and yet the interest of the estate in the property and its relation thereto would be the same in one case as the other. In this case the parties had deliberately fixed and defined their respective rights by a valid contract. Such contract did not terminate with the death of either, but continued to be the test by which the rights of each, or their representatives, must be determined. Cocke v. Montgomery, 75 Iowa, 259, 39 N. W. Rep. 386; Recker v. Kilgore, 62 Ind. 10.

Respondent contends that a reasonable construction of the

several provisions of our statute upon the subject compels the conclusion that it was the design and theory of our law that, by the death of the chattel mortgagor, the right of the mortgagee to foreclose is lost, or at least suspended; and that it becomes the exclusive right of the administrator to sell the mortgaged property, if necessary, and pay the debt secured; and that the assertion by the mortgagee of the right to possession under his defaulted mortgage is a "claim," under Section 5790, Comp. Laws, and as such must be presented for allowance or rejection to the administrator. Our conclusion as to the right to the possession of this mortgaged property under the facts in this case does not require us now to define the procedure by which the mortgagee may realize on his security, but the second clause of the proposition cannot be maintained. The claims to be thus presented are claims which, when allowed, shall be ranked as "acknowledged debts of the estate, to be paid in due course of administration." Section 5795, Comp. Laws. This could not be said of the claim to the possession by a mortgagee, or bailee, or pledgee of the thing pledged, or bailed, or mortgaged, there being no dispute as to the fact or the terms of the contract under which such possession was being held. If this were so, every contract of bailment would be interrupted, if not entirely defeated, by the death of the bailor, and a mortgagee, proceeding regularly and for good cause, to foreclose his mortgage, would by the death of the mortgagor be required to at once return the mortgaged property to the administrator. In Fallon v. Butler, 21 Cal. 32, Chief Justice FIELD says: "Whatever signification there may be attached to the word 'claim,' standing by itself, it is evident that in the probate act it has reference to such debts or demands against the decedent as might have been enforced against him in his lifetime by personal actions, for the recovery of money upon which only a money judgment could have been rendered." This definition was approved and adopted in Estate of McCausland, 52 Cal. 568. We think the contract by which the mortgagor

disposed of the right of possession of the mortgaged property, in certain contingencies, survived him, and the property passed to the administrator incumbered with all the adverse rights as to possession in the mortgagee to which it was subject in the hands of the mortgagor. The judgment of the county court is reversed, and the cause remanded, with directions to enter judgment for the defendant. All the judges concurring.