## KELSEY v. WELCH *et al.*

1. With the exception of a deficiency found to exist after a foreclosure sale, it is not necessary to present to an administrator a claim secured by mortgage upon the real property of decedent.

2. In an action to foreclose such mortgage, the heirs of such deceased person are proper parties defendant.

3. An administrator is ordinarily a necessary party defendant in any action which will, if successfully maintained, result in a judgment prejudicial to the estate.

4. In the absence of anything to the contrary, the presumption is that men are able and willing, in the due course of business, to pay their just debts at maturity.

5. One who, through mistake of law, loans money with which a mortgage executed by and existing upon the real property of a person since deceased is satisfied, and takes therefor the promissory note of the guardian of the minor heirs of such deceased person, such guardian being also the owner of an undivided one-third interest in the premises, and by whom a mortgage upon said real property is executed to secure said promissory note, is not entitled to a decree in equity reviving and foreclosing the former mortgage, unless it appears from the complaint and evidence that said guardian and maker of the last-mentioned obligation is insolvent, or that his mortgaged interest in the land will be insufficient to secure the payment of the note when the same matures.

(Syllabus by the Court. Opinion filed Feb. 19, 1896.)

Appeal from circuit court, Brookings county. Hon. J. O. ANDREWS, Judge.

Action by B. J. Kelsey against John Welch, individually and as guardian, and others, to revive and foreclose a mortgage. From an order overruling a demurrer to the complaint, defendant appeals. Reversed.

The facts are stated in the opinion.

*John C. Jenkins,* for appellants.

The plaintiff stands in the position of a party who, without being a surety for the debt or a junior lienholder, or being in any manner bound for the debt or interested in preserving the property, voluntarily paid the debt, and took security for the money so advanced; and he cannot, in the absence of a con-

tract or expectation that he will be substituted in the place of the creditor, be entitled to subrogation. Wormer v. Waterloo, 14 N. W. 331; Watson v. Wilcox, 39 Wis. 634; 24 Am. & Eng. Ency. of Law 281 to 288 and notes; Aetna Life Ins. Co. v. Middleport, 124 U. S. 534; Kelly v. Kelly, 19 N. W. 580; Bohn Sash and Door Co. v. Case, 60 N. W. 581; Wilkes v. Harper, 1 N. Y. 586; De Sot v. Ross, 54 N. Y. 689; Guy v. De Uprey, 16 Cal. 195. The administrator, being entitled to the possession of the realty and having the equity of redemption is, therefore, a necessary party defendant. Harwood v. Marye, 8 Cal. 580; Bliss on Code Pl. § 102; 2 Estee 2298; Carpenter v. Ingalls, 3 S. D. 49; S. C. 51 N. W. 948.

*Mathews & Murphy*, for respondent.

The defendant having received the benefit of the payments made by plaintiff, the plaintiff is entitled to be held and regarded by the court as the equitable assignee of the mortgage which his money has paid and taken up. Baker v. Baker, 49 N. W. 164: Swift v. Kramer, 13 Cal. 526; Detroit F. & M. Ins. Co. v. Aspinwall, (Mich.) 12 N. W. 214; Dillon v. Byrne, 5 Cal. 456; Bonell v. Schie, 9 Cal. 106; Carr v. Caldwell, 10 Cal. 380; Donahue v. Daniel, 58 Mo. 595; 24 Am. & Eng. Ency. of Law 294; Gilbert v. Gilbert, 39 Iowa 657; Everston v. Bank, 33 Kan. 353; Lockwood v. Bassett, 49 Mich. 546; Treadway v. Puris, 18 S. W. R. 225; Crippen v. Chappel, 35 Kan. 500; White v. Cannon, 125 Ill. 415; Kalschener v. Upton, 6 Dak. 449; S. C. 43 N. W. 816; Parry v. Kelly, 52 Cal. 335; Johnson v. Barrett (Ind.) 19 N. E. 199. The administrator is not a necessary party defendant in this proceeding. Both real and personal property pass directly to the heirs, subject to be subsequently applied to the payment of the debts of the deceased. Campbell v. Wambole, 3 Dak. 184. Where a general demurrer is interposed by all of the defendants, if the complaint states a cause of action against one of them, the demurrer must be overruled. Campbell v. Wambole, 3 Dak. 184.

FULLER, J.    From the complaint before us, it appears that John Welch and Mary Welch, husband and wife, on the first day of May, 1882, mortgaged to F. T. Day the land described in the complaint and of which Mary Welch was the owner, to secure their joint promissory note of even date therewith for $400, made payable to the mortgagee named in that instrument; and on the same day they executed a second mortgage on said property to the same party, to secure their joint promissory note for $40.    These mortgages were both duly recorded in the office of the register of deeds.    On the 8th day of April, 1886, Mary Welch died, intestate, leaving her husband, John Welch, and their eight minor children each and all of whom are made parties defendant herein, and are named in the complaint as the heirs at law of Mary Welch, deceased.    On the 15th day of March, the defendant John Welch was duly appointed and became the qualified and acting guardian of said minor heirs, and the duly appointed, qualified and acting administrator of the estate of Mary Welch, deceased, and, as disclosed by the record still continues to act as such guardian and administrator.    At the time of her death, Mary Welch was possessed of no personal property whatever, nor real estate other than the incumbered land described in the complaint, and was entirely without means with which to pay off and discharge the above mentioned mortgage indebtedness, all of which became due and collectible on the 1st day of May, 1887.    With a view to promoting the welfare of the estate, and for the purpose of preventing a foreclosure of said mortgage, the defendant John Welch, as guardian of said minor heirs, on the 10th day of December, 1888, applied to and obtained an order from the judge of the probate court by which he was directed, as said guardian, for the purpose of satisfying the above mentioned indebtedness, to negotiate a loan of $650, and to secure the payment thereof by executing a mortgage upon said real estate of which said Mary Welch died seised.    Relying upon said order of the probate court, plaintiff's assignor, the Keystone Mortgage Company, on the

27th day of June, 1889, through the agency and negotiation of plaintiff, loaned to the defendant John Welch $800, taking his promissory note therefor, secured by a mortgage on the above mentioned premises, and out of the proceeds thereof fully paid to the holder and owner of the $400 note the amount thereof, and obtained a discharge and satisfaction of the mortgage given to secure the same, which was duly recorded on the 21st day of December following, together with a discharge and release of the mortgage given to secure the $40 note, which had also been paid in full, out of the proceeds of said loan. As a part of the same transaction, plaintiff paid out of said loan delinquent taxes upon the premises aggregating $36.33, and paid to the defendant John Welch the unexpended balance thereof amounting to $332.83. All instruments affecting the real estate involved herein, including the assignment to plaintiff by the Keystone Mortgage Company of the $800 note and mortgage above mentioned, were duly recorded in the office of the register of deeds; and plaintiff is now the owner and holder of said last mentioned obligation of John Welch, no part of which has been paid.

The complaint contains, among others, the substance of which has been given, the following averments: "That the sums of money aforesaid were paid to and for the said John Welch, as guardian of the estate and persons of the minor heirs of Mary Welch, deceased, and constituted the consideration of the note or bond and mortgage aforesaid executed and delivered by the said John Welch to the Keystone Mortgage Company on the 27th day of June, 1889. * * * That the mortgage executed and delivered by John Welch as aforesaid to the Keystone Mortgage Company, to secure the payment of eight hundred dollars, is not a lien upon the estate of the minor heirs of Mary Welch, deceased, and does not secure to plaintiff the sums of money paid out for the benefit of said estate; but said mortgage is a valid and subsisting lien upon the interest of the said John Welch, surviving husband of Mary Welch, deceased, in and to the real estate above described, of which Mary Welch died

seised. The above-described real estate to wit, the northeast quarter of section thirty-four (34), * * * being the land owned by Mary Welch, deceased, at the date of her death, has never been sold, transferred, or disposed of in any manner since her death, and ever since has been, and is now, the property of the heirs of the said Mary Welch, deceased. * * * That no action or other proceeding has been taken to recover the several sums of money herein described, or any part thereof, or to foreclose the mortgage given by John Welch and Mary Welch, deceased, described in the third paragraph of plaintiff's complaint. That there is now due and owing this plaintiff the sum of four hundred and seventy-six dollars and thirty-three cents ($476.33), with interest thereon from the 13th day of December, 1889, under and by reason of the money advanced and payments made to release and pay off the mortgage described in the third paragraph of plaintiff's complaint, executed by John Welch and Mary Welch, deceased, to F. T. Day, and for taxes, paid as aforesaid, as provided for in said mortgage. That there is now due and owing plaintiff from the said John Welch the further sum of three hundred and thirty-two dollars and eighty-three cents, with interest thereon from the 24th day of January, 1890, by virtue of the payments made and money advanced for his use and benefit, as alleged in said complaint. Wherefore, by reason of the premises and circumstances set forth in the foregoing complaint, plaintiff prays the judgment of this court —First: That the lien of the mortgage aforesaid, executed by John Welch and Mary F. Welch, mortgagors, to F. T. Day, mortgagee, and paid off by the plaintiff, as aforesaid, be decreed to continue against the lands and premises described in this complaint, in behalf of this plaintiff; and that this plaintiff be subrogated to the rights, powers, and privileges of the original mortgagee and his assignee under said mortgage, and all the conditions of said mortgage be decreed to exist in favor of, and with the same force and effect as they did exist in favor of, the original mortgagee and his assignee. Second: That

of the defendants, and all persons claiming under them or either of them, subsequent to the commencement of this action, may be foreclosed of all equity of redemptiom or other interest in said premises. Third: That the said premises, or so much thereof as may be necessary, be sold, and the proceeds applied to the payment of the costs and expenses of this action, and the amount due on said note and mortgage and attorney's fees as stipulated in said mortgage executed by John Welch and Mary Welch, deceased, to F. T. Day, as aforesaid, and the amount of the aforesaid taxes paid by this plaintiff, with interest on said sums from the time of such payment. Fourth: That the plaintiff have and recover judgment against the defendant John Welch, surviving husband of Mary Welch, deceased, for the sum of three hundred and thirty-two dollars and eighty-three cents ($332.33), and interest thereon from December 13, 1889; and that said judgment be decreed to be a lien in behalf of this plaintiff upon all the right, title, and interest of the said John Welch in and to the residue of the estate aforesaid of Mary Welch, deceased, and for such other and further relief as may be just and equitable in the premises."

This appeal is by the defendants from an order overruling a demurrer to the foregoing complaint, in which the following grounds were specified: "First, that the complaint does not state facts sufficient to constitute a cause of action; second, that there is a defect of parties defendant in this, to wit: that the administrator of the estate of Mary Welch, deceased, is not made a party defendant, and that the said minor heirs of Mary Welch, deceased, are improperly made defendants herein."

It is conceded by counsel for both parties that the order directing John Welch, as guardian of the minor heirs of Mary Welch, deceased, to mortgage the real property belonging to the estate, was, when made, beyond the jurisdiction and power of the probate court, and that the same is therefore nugatory and void.

At the death of Mary Welch, her surviving husband, John Welch, by succession under Subdivision 1 of Sec. 3401 of the

Comp. Laws, became the owner, subject to the existing debts and incumbrances, of a one-third interest in the land mortgaged by said John Welch to respondent's assignor, to secure the $800 loan and appellant's counsel confidently maintain that the demurrer should have been sustained, for the reason that it is nowhere alleged in the complaint that said one-third interest of the mortgagor is insufficient to secure the loan, or that said John Welch, who appears to have executed said mortgage in a personal capacity, is insolvent. Appellant's further contention, that respondent's complaint is demurrable because it fails to state that a claim for the amount due upon the mortgages was presented to the administrator, as required by the Probate Code, cannot receive favorable consideration. With the exception of a claim for a deficiency which may exist after a foreclosure sale, and which must be presented within a month after the amount thereof has been ascertained, creditors whose demands are secured by mortgage upon decedent's real property are expressly relieved from the operation of the statute requiring claims to be presented to the administrator within a specified time, or at all. Sec. 5790, Comp. Laws; Purden v. Archer, 4 S. D. 54, 54 N. W. 1043. Where the equitable doctrine of subrogation must be invoked, to substitute one who has satisfied a mortgage to the rights of a mortgagee under circumstances like the present, such a demand is not a claim, in the sense of the statute, which an administrator would have power to adjust, and presentment to him thereof is unnecessary.

In support of the objection presented by the demurrer that there is a defect of parties defendant, it is urged by counsel for appellants that the administrator of the estate of Mary Welch, deceased, being charged with the management and settlement of the estate, and for that purpose required by the statute to take and maintain exclusive possession thereof, should have been a party defendant. Ordinarily, an administrator is a necessary party defendant whenever a claim is made against an estate which will, if successfully maintained, result in a judgment

prejudicial thereto. Maxw. Code Pl. p. 66; Carr v. Caldwell, 10 Cal. 380. Sec. 5860 of the Compiled Laws is as follows: ''The executor or administrator must take into his possession all the estate of the decedent, real and personal, except the homestead and personal property not assets, and collect all debts due to the decedent or to the estate. For the purpose of bringing suits to quiet title or for partition of such estate, the possession of the executors or administrators is the possession of the heirs or devisees; such possession by the heirs or devisees is subject, however, to the possession of the executor or administrator, for the purposes of administration, as provided in this title.'' The statute of California defining the powers and duties of executors and administrators is, in effect, the same as ours. Deering's Ann. Code, p. 552, c. 8. Under that statute, in an action to foreclose a mortgage executed by another and a person since deceased, the heir of whom was made a party defendant, with the surviving mortgagor, it was held that the administrator, being charged with the possession of all the property belonging to the estate, was a necessary party defendant in all suits in any manner affecting the same. Harwood v. Marye, 8 Cal. 580. Our conclusion, therefore, is that the administrator should have been made a party defendant. The heirs being the owners, subject only to the mortgage and administrator's superior right to possession, they are proper, if not necessary, parties defendant. Bliss Code Pl. 102. Concerning the heirs of a deceased mortgagor, Mr. Wiltsie says in his treatise that, ''it is the safest practice to make the heirs of the deceased owner parties to the foreclosure.'' Wiltsie Mortg. Forec. 122.

It is alleged in the complaint that the mortgage executed by appellant John Welch to respondent's assignor, to secure his individual promissory note for $800 is a valid and subsisting lien upon the interest of said John Welch in the property under consideration, and there is no averment or anything in the complaint to show that said one-third interest is insufficient se-

curity for the $800 note, or that said mortgagor is insolvent or unable to pay his note and interest on demand at maturity. In the absence of anything to the contrary, the presumption is that John Welch is perfectly solvent, and that he is honest, and that he will pay his note of $800 in the due course of business, as soon as the same matures according to its terms. 1 Rice, Ev. 68, 96. As a general rule, courts of equity administer their remedies in cases only where equitable relief is required to prevent a failure of justice. If the court to which the legislature has given jurisdiction over all probate matters was without power to authorize an incumbrance of the interest of the minor heirs in the estate of their deceased mother, a court of equity will impose no such burden by granting the relief prayed for in this action, in the absence of an allegation that John Welch is insolvent, or something from which it appears that his mortgaged interest is insufficient to secure the payment of his promissory note for 800.

The foregoing views lead to a reversal of the order overruling the demurrer, and it is so ordered. The case is remanded to the trial court for further proceedings not inconsistent herewith.