## IN RE ESTATE of R. R. ROBERTS.

(170 N. W. 580).

(File No. 4300.   Opinion filed January 20, 1919.)

1. **Appeals—Error—Conclusion of Law, Whether Reviewable on Motion for New Trial, Or on Appeal From Judgment—"Error in Law," Construed.**

Sufficiency of findings of fact to support a conclusion of law, is a question not reviewable upon motion for new trial but only upon appeal from the judgment; since error in conclusions of law is not included in any of the first six subdivisions of Code Civ. Proc., Sec. 301, providing the causes for which new trial can be granted. **Held,** further, that such an error is not an "error in law, occurring at the trial," within Subd. 7 of said section, since the trial ends with submission of the case and decision, when tried by court or referee, and with the verdict when tried by jury.

2. **Appeals—Error—Claim Against Decedent Estate—Finding Re Distribution Wanting—Remand of Case for Further Proceedings.**

Where, upon appeal by plaintiff from a judgment in a suit involving plaintiff's claim against respondent estate, it appears that there was no finding by trial court that there had been no final distribution of the estate, the conclusions of law disclosing that trial court ignored every question except those presented by the assignments on the appeal, Supreme Court will, if trial was in error in such conclusions, remand the case for further proceedings.

3. **Estates of Decedents—Enforcement of Corporate Stock Assessment Re Decedent's Stock—Whether an Existing Debt Against Estates—Statute, "Decedent," "Estate," Construed.**

A claim, by a corporation which had been ordered by a foreign court to make and enforce through a receiver an assessment against its shareholders, against the estate of a decedent who in his lifetime was a stockholder therein, does not constitute an existing debt against such estate; since by purchase of the stock the holder at most impliedly contracted to pay such assessments whenever levied; but if no debt arose under such contract during his lifetime Sec. 170 Prob. Code, concerning presentation of claims against an estate, "arising upon a contract heretofore made," and of claims not due within the general

time limit for presentation of claims, and concerning claims held by parties who by reason of being out of the state, had no notice of the claim—has no application to such claims; and the statutory notice to be given to creditors is one to the creditors of the decedent, and Sec. 167, Prob. Code, providing for publication of notice to creditors of decedent estates, has no application to claims arising against the estate but which never existed against decedent because of the fact that they did not come into existence until after his death.

4. **Executors and Administrators—Claims, Verification Embodied in Statement, Sufficiency—Statute—"Justly Due," "Owing," Construed.**

Where the verification in a claim against an estate was embodied at large in the statement of the claim itself in the form of an affidavit, and contained all facts upon which the claim was founded, including its amount, and that "no payments have been made thereon and there are no off-sets thereto," it substantially complies with Prob. Code, Sec. 171, concerning the form and substance of claims presented against estates; and since under Laws 1913, Ch. 207, amending Sec. 174, Prob. Code, after administrator had refused the claim claimant would have had from time of such rejection until time fixed for hearing claim within which to have amended it, reason and a sound sense of justice require that such claim be held sufficient in form unless, when read as a whole, it clearly fails to even substantially comply with requirements of Sec. 171. **Held**, further, that Sec. 171 requires that claimant shall make oath to the **justness** of the claim, to fact that there have been no **payments,** and to fact that there are no **off-sets;** that the phrase "justly due" therein is used in the sense of "owing;" and said claim wherein it stated that the estate was "justly and truly indebted to" etc., fairly stated that there was "owing" or "due" to affiant the amount therein claimed; nor was the sworn statement insufficient because sworn to positively and because affiant did not merely swear that so far as he knew there had been no payments, etc.

McCoy, J., dissenting.

Appeal from Circuit Court, Marshall County. HON. THOMAS L. BOUCK, Judge.

In the matter of the estate of R. R. Roberts. From an appeal from an order of the county court allowing appellant's claim, to the Circuit Court, judgment was rendered in the latter court for the administrator, and from such judgment, and from an order denying a new trial, the O. W. Kerr Company, a corporation, claimant, appeals. Reversed.

See, also, 40 S. D. 464, 168 N. W. 31.

*Morphy, Bradford & Cummins,* and *Byron Abbott,* for Appellant.

*Anderson & Waddel,* for Respondent.

(1) To point one of the opinion, Respondent cited:

Cullerton v. Mead, 22 Cal. 95.

(3) To point three of the opinion, Appellant cited:

18 Cyc. 487; Lucking, Administrator v. Gegg, 13 Bush. (Ky.) 289; Manville v. Edgar, 8 Mo. App. 324.

(4) To point four, Appellant cited:

I R. C. L. 772; II Corpus Juris. 347, 348; Westinghouse Electric and Manufacturing Co. v. Robinson, (Okla.) 142 Pac. 1107.

Respondent cited:

Bank v. Kleinschmidt, (S. D.) 144 N. W. 934; Butcher v. Cappon, (Mich.) 112 N. W. 110.

WHITING, J.    Appellant, as receiver of a Minnesota corporation, presented, to a county court, a sworn claim against the estate of R. R. Roberts, deceased.   The county court allowed the claim.    Upon appeal to, and trial in, the circuit court, judgment, entered upon findings of fact and conclusions of law, was for the administrator of the estate.   From such judgment, as well as from the order denying a new trial, appeal was taken to this court.

The circuit court did not find that there had been no final distribution of the estate; neither did the trial court in any manner pass upon the justness or validity of the claim filed.   It determined the cause solely upon the grounds, as stated in its conclusions of law: (a) That the contents of the affidavit attached to the claim filed in and submitted to the county court did not "bring the receiver within the provisions of section 170 of the Probate Code, creating an exception as to time within to file claims against estate of decedents, in favor of persons out of the state." (b) "That the verification attached to the claim * * * does not comply with the provisions of section 171 of the Probate Code." Whether the findings of fact support such conclusions is the only question raised by the assignments of error, and was the only question attempted to be raised upon the motion for new trial.

[1] As above noted, this appeal was from the order denying a new trial as well as from the judgment, but the appeal from the

order has been abandoned; the appellant failing to assign such order as error. Respondent has raised numerous questions of practice, all directed to matters pertaining to the motion for new trial, none of which are important if this appeal should now be treated as though there had never been a motion for new trial and an appeal from the order thereon. The sufficiency of findings of fact to support a conclusion of law is a question that cannot properly be raised, upon a motion for new trial, but can be raised upon appeal from the judgment. It is perfectly clear that an error in conclusions of law is not included in any of the first six subdivisions of section 301, Code Civ. Proc., providing the causes for which new trial can be granted. Neither is such an error an "error in law, occurring at the trial." Subdivision 7, § 301, Code Civ. Proc. It is said in Hayne, New Trial and Appeal, § 100, p. 489:

"For the purposes of the subdivision under consideration, it is believed to be sufficiently accurate, therefore, to say that the trial begins with the joinder of issues of fact, and is ended with the submission for decision, when the cause is tried by the court or referee, and with the verdict, when tried by a jury."

[2] Respondent contends that appellant must fail because of the want of a finding that there had been no final distribution of the estate. Inasmuch as the circuit court's conclusions of law disclose that such court entirely ignored every question except those presented by the assignments on this appeal, we are of the opinion that, if such court was in error in such conclusions, this cause should be sent back to that court for further proceedings in accordance with the views of this court.

[3] Roberts died in April, 1914. Notice to creditors was published in June, 1914, and the time fixed in said notice for filing claims expired in December, 1914. The record before us purports to set forth the substance of the claim presented in the county court. It represents that appellant was appointed receiver of the corporation in 1915; that, in 1916, a Minnesota court ordered an assessment against the shares of stock of the corporation and ordered the receiver to collect such assessments from the holders of such shares; that Roberts purchased certain shares of such stock; and that he held the same at the time of his death. It is for the amount of the assessments which were levied against the

shares of stock of which Roberts died the owner that claim is now made against his estate.

It appears, from the facts as set forth, that when Roberts died there existed against him no debt by virtue of such facts. The most that can be claimed is that, by the purchase of such stock, Roberts entered into an implied contract to pay such assessments whenever they should be levied; but if no debt arose, by virtue of such implied contract, during the life of Roberts, it would follow that section 170, Probate Code, has no application to the facts of this case. The notice which the statute provides must be given to creditors is a notice to the creditors of the *decedent*, and it requires all persons having claims against the *decedent* to present them. Section 167, Probate Code. This provision can have no application to claims arising against the *estate* but which never existed against the decedent, because of the fact that they did not come into existence until after death of decedent.

[4] We are also of the opinion that the circuit court erred in holding:

"That the verification attached to the claim * * * does not comply with the provisions of section 171 of the Probate Code."

The verification was not one separate from and merely referring to the statement of claim. The whole statement of claim itself was in the form of an affidavit and contained all of the facts upon which the claim was founded, together with the following statements recited in the findings:

"That the above-named R. R. Roberts was at the time of his death, and his estate is now, justly and truly indebted to this affiant, as receiver of the O. W. Kerr Company, in the sum of $1,300.00, with interest thereon at the rate of 6 per cent. per annum from the 1st day of April, 1916; * * * that no payments have been made thereon, and there are no offsets thereto."

Section 171 Probate Code, provides that—

"Every claim which is due when presented to the administrator must be supported by the affidavit of the claimant or some one in his behalf, that the amount is justly due, that no payments have been made thereon which are not credited and that there are no offsets to the same to the knowledge of the claimant or affiant."

Neither from the conclusion of the circuit court nor from the brief of respondent do we gain any information as to the parti-

cular, or particulars, wherein it is claimed that this sworn statement is insufficient. It must be borne in mind that this proof of claim was accepted as sufficient by the administrator and by the county court. Under our statute as it is now and was when this claim was presented (Laws 1913, c. 207), if the administrator had seen fit to reject it, claimant would have had from the time of such rejection until the time fixed for hearing claims within which to have amended such claim. It is clear then that both reason and a sound sense of justice require that this sworn claim be held sufficient in form, unless, when read as a whole, it clearly fails to even substantially comply with the requirements of said section 171. Respondent relies upon the decision in Dak. Nat. Bk. v. Kleinschmidt, 33 S. D. 132, 144 N. W. 934. In that case the administrator rejected the claim; moreover, the verification wholly failed to contain any statement to the effect that there were "no offsets" to the claim. There is no such case presented here.

What does section 171 purpose shall be declared under oath? Not that there is a claim which is due and the person from whom it is due—all that would appear from a bare statement of the claim, and did so appear in this case from parts of the claim not quoted herein. What this statute requires is that a claimant shall make oath to the *justness* of the claim, to the fact that there have been no *payments,* and to the fact that there are no *offsets.* Moreover, in the phrase "justly due," as it is used in section 171, the word "due" is used in the sense of "owing." Crocker-Woolworth Nat. Bk. v. Carle, 133 Cal. 409, 65 Pac. 951. This sworn statement fairly set forth that, on account of the facts therein stated, the estate was justly indebted to—in other words, that there was "owing" or "due" to—the affiant (this appellant) the amount therein claimed.

Certainly respondent cannot claim the sworn statement to be insufficient because of the fact that it was sworn to positively and appellant did not merely swear that, so far as he knew, there had been no payments nor offsets.

We do not wish to be understood as expressing any views as to any other question than those discussed. We recognize the fact that there are many questions that will be properly before the circuit court for its determination. We only hold that, under the facts now disclosed, section 170, Probate Code, has no application;

and further that, if that is a claim against the estate and a claim that must have been presented to the probate court, and, because it must be first presented to the probate court, must have been verified, then that it was properly verified even if such verification need to conform to the provisions of section 171, Probate Code.

We do not, however, determine that, even under the facts as they appear in the record before us, there would be any claim against any one; nor do we determine whether, if such facts disclose a valid assessment, that such assessment would even be a lien against, and to be satisfied by, a sale of the stock; nor do we determine whether, if such facts disclose a personal claim against the holder of the stock, it would be a claim against the estate rather than a claim against the heirs or legatees in whom such stock vested upon the death of Roberts; nor do we determine whether, if such facts disclose a claim against the estate, it is one that needed to be presented to the county court before it could have been sued upon in the circuit court. None of the above questions are now before us.

The judgment and order appealed from are reversed.

McCOY, J., dissenting.