**WILLIAMS INSURANCE OF PIERRE,** South Dakota, Plaintiff and Appellee,

v.

**BEAR BUTTE FARMS PARTNERSHIP;** and Wallace A. Edland, individually and d/b/a Bear Butte Farms Partnership; and Paul Chabot, individually and d/b/a Bear Butte Farms Partnership, Defendants and Appellants.

No. 14958.

Supreme Court of South Dakota.

Considered on Briefs Jan. 16, 1986.

Decided Aug. 27, 1986.

Mark W. Barnett of Schmidt, Schroyer, Colwill & Zinter, Pierre, for plaintiff and appellee.

Thomas M. Maher of Maher, Carter, Arendt & Bode, Pierre, for defendants and appellants.

MORGAN, Justice.

Defendants, Bear Butte Farms Partnership, Wallace Edland (Edland), and Paul Chabot (Chabot), appeal from an order granting summary judgment to plaintiff Williams Insurance of Pierre, South Dakota, dated March 1, 1985. We affirm.

Edland and Chabot are partners in Bear Butte Farms, which in June of 1984 was engaged in growing crops on its holdings in Meade and Butte Counties in South Dakota. On June 6, 1984, they purchased a hail insurance policy through Ken Asheim (Asheim) of Williams Insurance. Edland and Chabot valued the growing crops at $80 per acre for 10,000 acres, resulting in a premium of $92,769. Williams Insurance issued a promissory note which was signed "Bear Butte Partnership by Wallace Edland." The note reflected that payment of the premium would be deferred from the purchase date to the last applicable expiration date stated in the policy, October 1, 1984. Under the terms of the policy the coverage was in effect either from the day after the purchase or the day the crops became visible above the ground, whichever event occurred later.

No payment on the promissory note was made by Edland, Chabot or Bear Butte Farms on October 1, 1984, and a summons and a complaint were issued on October 18, 1984. The complaint was grounded upon nonpayment of the note. The summons and complaint were sent to Meade County where the ranch land was located. Edland was personally served by the sheriff on October 18, 1984. Chabot could not be immediately found so the sheriff left an additional copy with Edland, reciting that Edland was a member of Chabot's family over the age of fourteen years, in accordance with the substitute personal service provisions of SDCL 15-6-4(e). Edland was not a member of Chabot's family.

On December 2, 1984, Edland filed a pro se answer purporting to be for himself and Chabot doing business as Bear Butte Farms. In response to this answer, Williams Insurance moved for summary judgment. A hearing on the motion was originally scheduled for January 7, 1985. On the day of hearing, Edland and Chabot retained counsel who appeared and obtained a continuance of the summary judgment hearing. The hearing was conducted three weeks later on January 28, 1985. At that time, defendants moved for change of venue to Meade County. They also filed a demand for jury trial. Additionally, counsel orally asked for production of all relevant documents and asked to have them considered during the court's summary judgment considerations. The trial court, in a letter to counsel, rendered a memorandum opinion and subsequently entered an order granting summary judgment.

Edland and Chabot initially argue that summary judgment was not appropriate because there existed material issues of fact relating to the appropriate premium amount due. In their affidavits opposing summary judgment, Edland and Chabot claim that Asheim told them that if it appeared that the crop would be nowhere near the valuation of the coverage, the amount of coverage could be reduced and the premium correspondingly adjusted. This reduction, by defendant's own admissions, could only take place prior to plaintiff's purchase of reinsurance. Edland claims that he attempted to call Asheim several times on or before August 8th to notify him that the crop was not amounting to the expected value. He did not reach Asheim.

While there is some doubt as to whether reduction in the premium was still possible on August 8th, even if we assume that the reduction was still possible, there is no existing material issue of fact to be decided. Defendants do not claim that plaintiff refused to stand by the purported oral agreement between its agent Asheim and the defendants. Defendants instead claim that Asheim had a duty to return their telephone call and it was this breach of duty that should give rise to a material

issue of fact. Inasmuch as the defendants do not claim any lack of good faith on the part of the plaintiff, we fail to see the materiality of this issue. Furthermore, defendants cite no authority to support their contention that the failure of the plaintiff to return a telephone call would give rise to a defense to the action on the note. "The failure to cite supporting authority is a violation of SDCL 15–26A–60(6) and the issue is thereby deemed waived." *State v. Shull*, 331 N.W.2d 284, 285 n. 1 (S.D.1983).

■ Next, Edland and Chabot argue that summary judgment was premature until there had been a fair opportunity for discovery. Except for an oral request for production at the summary judgment hearing, Edland and Chabot did not formally move for any discovery. We are not convinced that the trial court refused to allow discovery as claimed by defendants, but even if this was the case we find no error.

In reviewing a claim for summary judgment, the trial court renders judgment on the pleadings, depositions, answers to interrogatories admissions and affidavits on file. SDCL 15–6–56(c). It does not appear that discovery need be had prior to entry of summary judgment. *See* SDCL 15–6–56(f). That statute states:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Thus, if the pleadings and affidavits submitted with a summary judgment motion and opposition thereto show the facts surrounding the controversy, it is within the trial court's discretion to refuse any additional discovery. In this case no affidavits opposing the motion were filed. We find no abuse of discretion, particularly in light

of Edland's and Chabot's failure to formally request discovery.

Chabot and Edland also claim that summary judgment was inappropriate because they were entitled to a change of venue from Hughes County to Meade County prior to the court's ruling. SDCL 15–5–10 states:

> If the county designated for that purpose [venue] in the complaint is not the proper county, the action may, notwithstanding, be tried therein unless the defendant, before the time for answering expires, demands in writing that the trial be had in the proper county, and the place of trial be thereupon changed by the consent of the parties or by order of the court, as provided in § 15–5–11.

■ Edland and Bear Butte Farms waived any argument relating to their demand for a change of venue. SDCL 15–6–12(a) provides that a defendant shall serve his answer within thirty days after service of the complaint upon him. Edland and Bear Butte Farms were served on October 18, 1984. They did not move for change of venue until January 28, 1985. Thus, under SDCL 15–5–10 they waived any argument relating to venue.

■ While Chabot *may* have been within the thirty-day limit,* he did not provide a written request to Williams Insurance prior to moving the court for a change of venue. We have held in a long line of cases that "failure of a defendant to attempt to obtain plaintiff's consent to a change of venue before approaching a court results in denial of the motion." *Miedema v. Great Plains Production Credit Assoc.*, 291 N.W.2d 795, 796 (S.D.1980) (citations omitted). Chabot, by improperly moving for a change of venue, waived that argument.

Finally, Chabot and Bear Butte Farms claim lack of personal jurisdiction by the trial court. It is generally true that the question of jurisdiction may be raised at any time during the proceedings. *See*

---

* Since Chabot did not receive adequate personal service there is a question as to when the time began to run under SDCL 15–5–10.

*Deno v. Oveson,* 307 N.W.2d 862 (S.D. 1981). This is not so with questions of personal jurisdiction, however. *See* SDCL 15–6–12(h)(1).

▮ Even though service of process as to Chabot was insufficient, he subsequently waived that defense by his appearance by counsel at the hearing and by his failure to raise the question before the trial court. *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1391 (1969). "Defenses to [personal] jurisdiction must be raised by motion or answer. SDCL 15–6–12(b). If objections to [personal] jurisdiction are not made at the appropriate time, either by motion or answer, they are deemed waived." *Matter of J.W.W.,* 334 N.W.2d 513, 516 n. 4 (S.D.1983) (citation omitted). *See also* SDCL 15–6–12(h)(1). At no time did Chabot through pleadings or by motion object to jurisdiction. Bear Butte Farms fully submitted to the jurisdiction of the court. Edland, one of the partners, was served and filed an answer on behalf of the partnership. *See* SDCL 15–6–17(b).

We therefore affirm the summary judgment granted by the trial court.

FOSHEIM, C.J., HENDERSON and WUEST, JJ., and HERTZ, Circuit Judge, acting as a Supreme Court Justice, concur.

SABERS, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.