**RAPID CITY EDUCATION ASSOCIATION, on Behalf of Carol LYNCH, et al., Plaintiff and Appellant,**

**v.**

**RAPID CITY SCHOOL DISTRICT # 51–4, Defendant and Appellee.**

**No. 16490.**

Supreme Court of South Dakota.

Considered on Briefs May 24, 1989.

Decided July 12, 1989.

Linda Lea M. Viken and Lisa L. Kiser of Finch, Viken, Viken & Pechota, Rapid City, for plaintiff and appellant.

Thomas E. Simmons of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for defendant and appellee.

SABERS, Justice.

The Rapid City Educational Association (Association), on behalf of eleven teachers,

appeals a circuit court judgment reversing a decision of the Department of Labor (Department), which upheld a grievance for additional compensation for hallway supervision by teachers during lunch periods.

### Facts

On April 23, 1987, eleven teachers from Central High School (Central) in Rapid City filed a grievance with the Rapid City School District # 51-4 (District). The grievance alleged inequitable application of Article VIII and Appendix A of the negotiated agreement (Agreement) between the District and the Association. The grievance alleged that certain teachers at Central were not compensated for lunch period duty, while other teachers at Central and Stevens High School were compensated for lunch period duty.

Teachers were assigned to hallway supervision during each of the seven periods of the school day at Central. Consistent with the Agreement, these teachers did not receive additional compensation for hallway supervision. Teachers were also assigned to lunchroom duty during lunch periods, periods IV and V of the school day. Teachers assigned lunchroom duty were compensated at a rate of $7.50 per hour as provided by Appendix A of the collective bargaining agreement. Teachers assigned to hallway supervision during the lunch periods argued that they were performing lunchroom duty and should be compensated accordingly.

The District denied the grievance. The Association appealed to Department, which upheld the grievance. Department concluded that the hallway supervision during periods IV and V was in reality lunch period duty for which the teachers should receive extra compensation. District appealed to the circuit court, which reversed Department. Following entry of the judgment, Association filed a motion to reconsider claiming that the circuit court lacked jurisdiction because the notice of appeal to the circuit court was served by first class mail rather than certified or registered

mail. The circuit court denied the motion. Association appeals. We affirm.

### 1. *Circuit court's jurisdiction.*

■ Association argues that District improperly served notice of appeal upon them under SDCL 1-26-31, which provides in part:

> An appeal shall be taken by serving a notice of appeal upon the adverse party.... Service required by this section may be performed by registered or certified mail and is complete when the material to be served is deposited with the United States postal service.

Association argues that this statute requires service to be performed by registered or certified mail and the circuit court did not acquire jurisdiction because service was by first class mail. We hold that Association waived its objection to the service of notice and do not discuss whether the statute requires registered or certified mail. *Cf. In re Groseth International, Inc.*, 442 N.W.2d 229, 233 (S.D.1989) (Sabers, J., concurring in part and concurring specially in part); *In re Betty A. Luhrs Trust*, 443 N.W.2d 646 (S.D.1989); *Matter of B.J.E.*, 422 N.W.2d 597 (S.D.1988).

Service of a notice of review upon a party confers personal jurisdiction over the party upon a court. *519 Corp. v. State Dept. of Transportation*, 92 Wis.2d 276, 284 N.W.2d 643 (1979); *see Williams Ins. of Pierre v. Bear Butte Farms Partnership*, 392 N.W.2d 831 (S.D.1986). An objection to personal jurisdiction is waived if the party fails to object at the appropriate time. *Williams, supra; Matter of J.W.W.*, 334 N.W.2d 513 (S.D.1983). In this case, Association received actual notice of appeal, appeared before the circuit court, and did not object to the notice until after the court entered its judgment. This conduct constitutes a waiver.

### 2. *Grievance for additional compensation.*

■ Association argues that the circuit court erred in reversing Department's decision which upheld the grievance. Appendix

A of the Agreement provides additional compensation for "Lunch Period Duty (Elementary and High School)—$7.50 per hour[.]" Department reasoned that "the teachers that are doing hallway supervision during the lunch periods at Central High School should be compensated. This duty is in fact, lunch duty." The Department erred in concluding that hallway supervision during lunch periods was lunch duty. Hallway supervision was assigned and necessary during all seven periods of the day. As stated by Principal Keith Coates:

> During any period of the day, at Central, we have between 150–200 students with unscheduled periods, thus we have implemented the Hallway Supervision plan. The duties for those assigned the Supervision are the same, period 1 through 7. Those duties during the so called Lunch Duty Periods would exist with or without lunch.

Article VIII, Sec. G provides, "Nothing in this agreement ... shall be interpreted to provide additional salary or compensation for extra-duty assignments such as hall supervision[.]" The Agreement clearly prohibits additional compensation for hall supervision. Department's finding that hallway supervision during periods IV and V was actually lunch period duty is not supported by the evidence and is clearly erroneous. *Permann v. South Dakota Dept. of Labor*, 411 N.W.2d 113 (S.D.1987).

Affirmed.

All the Justices concur.