In the Matter of the ESTATE OF Carrol GREEN, Deceased.

No. 18164.

Supreme Court of South Dakota.

Considered on Briefs Oct. 4, 1993.

Decided May 25, 1994.

Gary B. Ward, Viborg, for appellants Marcella Thompson, Executrix, Harlan Thompson, Merlyn Thompson and Marjean Goergen.

John P. Blackburn, Blackburn and Stevens, Yankton, for appellant Harlan Thompson.

Thomas H. Frieberg, Frieberg, Rudolph & Peterson, Beresford, for appellees, heirs of Miles Green.

MILLER, Chief Justice.

This appeal arises from an order for distribution under a constructive trust imposed on the estate of Carrol Green after a determination that her will violated a contract contained in a prior joint will. We affirm.

### FACTS

Miles and Carrol Green, husband and wife, executed a joint will in June, 1964. Provision III declared that the survivor of the two would be entitled to all of the real, personal and mixed property they possessed and that the survivor "shall have absolute power and right to dispose of said estate as she or he may deem proper." Provision IV of the will expressed:

> When each one shall have died, we give and bequeath and devise, all residue and remainder of all our real and personal property, wheresoever situated, of which we may die seized and possessed, whatever it may be, a one half (½) share thereof unto the nephews and nieces of Miles W. Green, the testator herein, and the remaining one half (½) share unto the nephews and nieces of Carrol Green, the testatrix herein, in equal shares, share and share alike, to be their absolute property forever in fee. And in the event that any of such nephews and nieces shall die prior to the death of the surviving testator or testatrix herein, then in that event his or her share shall be given to the survivors.

Miles Green died in July of 1969. Carrol Green, as executrix of his estate, filed a petition for probate of the joint will that August, petitioned for final distribution in April, 1970, and eventually received all of the probate assets.

In August, 1970, Carrol Green executed a new will naming her brother, her two sisters and her nieces and nephews as beneficiaries. The will made no provision for the nieces and nephews of Miles Green.

Carrol Green died in November of 1989. Her brother, Harold Thompson, filed a petition for probate and sent notice to all persons listed as beneficiaries under the 1970 will. He also published notice of hearing on the petition for probate. He was appointed executor and the will was admitted to probate on January 2, 1990. No one appeared to contest the validity of the will.

On January 8, 1991, Richard Green, Sandra Dee Green Lusk, Judy Ann Hodne, Charles Green, Susan Cantine and Marilee Schmalen (the nieces and nephews of Miles Green, hereinafter Greens) filed an action alleging the 1970 will of Carrol Green violated the contractual agreement in the 1964 joint will and requested that the court distribute the estate's assets under the terms of the 1964 joint will.

Greens served a copy of the summons and complaint on Harold Thompson, the executor

of the Carrol Green estate. The remaining Thompson beneficiaries (hereinafter Thompsons) were individually named but were not personally served with the summons and complaint. Harold Thompson consulted the attorney who had been representing the estate and then hired a second attorney, Jeff Masten, to defend the constructive trust suit. Attorney Masten signed a document admitting service of the summons and complaint on Harold Thompson individually, and as executor *on behalf of the estate and the other devisees.*

On October 15, 1991, after a trial, the court found that the 1964 joint will was a contract between Miles and Carrol Green which created a valid joint and reciprocal will. It found that provision III of the 1964 will gave Carrol Green the property absolutely during her lifetime, but that upon her death, all her property would pass according to Provision IV.[1] The court then imposed a constructive trust for the benefit of the Green heirs upon the assets of the estate of Carrol Green. An appeal of that decision was dismissed as untimely by this court.

Harold Thompson died in June, 1992, and Attorney Michael McGill was appointed administrator with will annexed. Attorney McGill then filed a petition for partial distribution of the estate to which Thompsons objected, claiming that the constructive trust was invalid because Greens had failed to object to probate of the 1970 will, failed to file a creditor's claim against the estate, and that the trial court lacked jurisdiction.

On November 19, 1992, the trial court found the Thompsons' objections were not meritorious and dismissed the action. Thompsons appeal.

## I. AN ACTION ALLEGING BREACH OF A CONTRACT TO DEVISE PROPERTY IS NOT A COLLATERAL ATTACK TO THE PROBATE OF A WILL.

Thompsons argue Greens' action is actually a contest of the will admitted to probate, that there is a two-month statute of limitations to challenge probate of a will, that Greens' action was filed more than one year after the will had been admitted to probate and, therefore, the action was barred as untimely. Greens argue that a claim alleging breach of contract of an earlier joint will is not a collateral attack on the probate of a later will.

Under SDCL 30–7–1, the probate of a will is conclusive unless challenged within two months. We have strictly construed this statute. *In re Estate of Protheroe*, 77 S.D. 72, 85 N.W.2d 505 (1957) (holding in the absence of an appeal within the statutory period, the order admitting will to probate is final and immune to collateral attack); *State v. Nieuwenhuis*, 43 S.D. 198, 178 N.W. 976 (1920).

Thompsons assert Greens should have proceeded under SDCL 30–7–2,[2] but provide no explanation as to which of its four sections would be applicable. The grounds set forth in § 30–7–2 permitting challenge to the probate of a will simply do not pertain to a claim of breach of a contract to devise property. The statute only sets forth grounds on which the validity of a will admitted to probate may be challenged.

Greens assert that they are not claiming Carrol Green's 1970 will was invalid, but rather that the valid will breached the con-

---

1. This finding is well supported by authority. Philip E. Hassman, Annotation, *Right of Party to Joint or Mutual Will, Made Pursuant to Agreement as to Disposition of Property at Death, to Dispose of Such Property During Life,* 85 A.L.R. 3rd 8 (1978).

2. SDCL 30–7–2 provides:

When a will has been admitted to probate, any person interested therein may, at any time within two months after such will has been admitted to probate, contest the same or the validity of the will. For that purpose he must file in the court in which the will was proved a sworn petition in writing alleging that evidence, discovered since the probate of the will, the material facts of which must be set forth, shows:
(1) That a will of a later date than the one probated, revoking or changing the former will, has been discovered and is offered; or
(2) That some jurisdictional fact was wanting in the former probate; or
(3) That the testator was not competent, free from duress, menace, fraud, or undue influence when the will allowed was made; or
(4) That the former will was not duly executed and attested.

tract contained in the 1964 joint will.[3] *See Perkins v. Allen,* 133 Wash. 455, 234 P. 25 (1925) (stating action was not contest of probated will but claim that will breached contract contained in earlier will); *Svenburg v. Fosseen,* 75 Minn. 350, 78 N.W. 4 (1899) (explaining action is not to set aside probate but to fasten trust upon it).

> No effort is made to disturb or set aside such probate, but to fasten a trust on the property in the hands of the executor and legatees, who are admitted to hold the legal title to such property by virtue of the will and its probate by the proper court.

*Bolman v. Overall,* 80 Ala. 451, 2 So. 624, 627 (1887).

Courts in other states have found that a claim of breach of contract to convey by will sounds in contract. *Kitchen v. Estate of Blue,* 498 N.E.2d 41 (Ind.App.1986) (finding action is for breach of contract to convey by will which does not accrue until death of the promisor); *In re Farley's Estate,* 237 Iowa 1069, 24 N.W.2d 453, 457–58 (1946) (stating remedy is action for breach of contract or specific performance rather than by attempt to probate the revoked will, it is the contract that is irrevocable, not the will); *In re Estate of Stratmann,* 248 Kan. 197, 806 P.2d 459 (1991) (finding mutual wills are contractual as well as testamentary in nature); *Robison v. Graham,* 799 P.2d 610, 618 (Okla.1990) (holding claim under contractual will is in the nature of specific performance and, as such, appellees were not required to file their claims in the probate matter); *Kilpatrick v. Estate of Harris,* 848 S.W.2d 859 (Tex.App. 1993); *Knesek v. Witte,* 754 S.W.2d 814 (Tex. App.1988) (finding claim of breach of contract under will is not an action in probate but question of contract, in such a case the statute of limitations does not begin to run until beneficiary knew or should have known that he had cause of action); *Kerper v. Kerper,* 780 P.2d 923 (Wyo.1989) (stating joint and

mutual will is contractual as well as testamentary).

We agree that a claim for breach of contract to devise property is a claim in contract. Because Greens' action sounds in contract and not as part of the probate proceeding, the two-month limitation contained in SDCL 30–7–2 did not bar Greens' action.

## II. A CLAIM OF BREACH OF CONTRACT TO DEVISE PROPERTY IS NOT A CREDITOR'S CLAIM UNDER SDCL 30–21–17.

 Thompsons further assert that Greens' action was a creditor's claim under SDCL 30–21–17[4] and should have been barred as untimely. Section 30–21–17 sets forth the time limits for filing a creditor's claim against an estate. South Dakota case law on claims arising under this statute is clear—the statute is limited in application to "claims" which are collectible from the decedent during his or her lifetime.

> The term "claims" in this statute has reference only to debts or demands which are collectible from an estate by virtue of having been claims against the decedent in his lifetime. The present action in equity to establish a constructive trust is not based on an obligation owing from John A. Olsen in his lifetime. The claim statute does not apply.

*Olsen v. First Nat'l Bank,* 76 S.D. 605, 613, 83 N.W.2d 842, 847 (1957) (citation omitted) (citing *Hirning v. Kurle,* 54 S.D. 334, 223 N.W. 212 (1929)).

> [W]hen Roberts died there existed against him no debt by virtue of such facts. The most that can be claimed is that ... Roberts entered into an implied contract to pay such assessments whenever they should be levied; but if no debt arose, by virtue of such implied contract, during the life of Roberts, it would follow that section 170, Probate Code, has no application to

---

**3.** It is axiomatic that an invalid will could not breach a contract to devise property.

**4.** SDCL 30–21–17 provides:

> All claims arising upon contract whether due, not due, or contingent, are barred if not filed within four months after the first publication of notice to creditors, or within thirty days

after the mailing of notice required by § 30–21–13.1, whichever is later.

> All claims are in any event barred if not filed within three years after the decedent's death, whether or not an executor or administrator has been appointed or is then acting.

the facts of this case.... *This provision can have no application to claims arising against the estate but which never existed against the decedent, because of the fact that they did not come into existence until after death of decedent.*

*In re Roberts Estate,* 41 S.D. 331, 335, 170 N.W. 580, 581 (1919) (underlining added) (construing § 170 Probate Code, predecessor to SDCL 30–21–17).

■ An action for breach of a contract to convey by will does not accrue until the death of the promisor. *Kitchen,* 498 N.E.2d at 45; *Stratmann,* 806 P.2d at 464 (finding the contract is breached when prior will is revoked). Greens could not have filed a creditor's claim against Carrol Green because the breach of which they complain (her failure to honor the contract contained in the 1964 joint will) did not occur until her death. Therefore, their claim could only be filed against her estate and does not fall within the ambit of SDCL 30–21–17.

### III. A CONSTRUCTIVE TRUST MAY BE IMPOSED AGAINST THE INTERESTS OF VESTED HEIRS OF AN ESTATE IN AN ACTION IN WHICH THEY WERE NAMED AS PARTIES AND WERE REPRESENTED BUT WERE NEVER PERSONALLY SERVED.

■ Thompsons argue that service of process on Harold Thompson individually

and as the executor of the estate was not sufficient service as to the other individually named beneficiaries. They assert this defective service deprived the trial court of personal jurisdiction. It is important here to note that personal jurisdiction, unlike subject matter jurisdiction, may be waived. *Rapid City Ed. Ass'n v. Rapid City Sch. Dist. # 51–4,* 446 N.W.2d 770, 771 (S.D.1989); *Williams Ins. of Pierre v. Bear Butte Farms Prtnshp.,* 392 N.W.2d 831, 834 (S.D.1986); SDCL 15–6–12(h).[5] If defenses to personal jurisdiction are not raised by motion or answer they are deemed waived. *Williams,* 392 N.W.2d at 834. The Thompsons' assertion fails for several reasons.

First, the individual Thompson beneficiaries were neither necessary or indispensable parties whose absence deprived the trial court of jurisdiction. SDCL 15–6–17(a) provides that an executor of an estate may bring an action for the estate without naming the parties for whose benefit the action is brought.[6] This court has already decided the reverse is applicable—an estate may be sued by naming the executor without naming the parties who have an interest in the estate. In *Olsen,* we held that devisees and legatees were not indispensable or necessary parties in an action imposing a constructive trust on the assets of an estate:

It is urged that since the present action is independent of the probate proceeding and relief is sought against property which on

---

5. SDCL 15–6–12(h) provides:

(1) A defense of lack of jurisdiction over the person, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in § 15–6–12(g), or (B) if it is neither made by motion under § 15–6–12 nor included in a responsive pleading or an amendment thereof permitted by § 15–6–15(a) to be made as a matter of course.

(2) A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under § 15–6–19, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under § 15–6–7(a), or by motion for judgment on the pleadings, or at the trial on the merits.

(3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

6. SDCL 15–6–17(a) provides:

Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, conservator, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute of the state so provides, an action for the use or benefit of another shall be brought in the name of the state. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

the death of Mabel E. Olsen devolved on her devisees and legatees they are necessary parties. Defendant executor is the official representative of her estate and since it holds the assets against which this action is brought to impose a constructive trust it is a necessary and indispensable party. SDC 35.1101–35.1102; *Kelsey v. Welch*, 8 S.D. 255, 66 N.W. 390. Even if we were to hold, which we do not, that the devisees and legatees are necessary parties the proper practice would have been to proceed under the provisions of SDC 33.-0411 to have them brought in as parties. *It is too late to raise the objection after entry of judgment.*

*Olsen*, 76 S.D. at 613, 83 N.W.2d at 847 (emphasis added) (citing prior version of SDCL ch. 30–15, Actions by and Against Estates); *Speck v. Anderson*, 318 N.W.2d 339, 340 (S.D.1982). The record shows the assets of Carrol Green were in the possession of the estate; therefore, the devisees of Carrol Green's will were neither indispensable or necessary parties whose absence deprived the court of jurisdiction. "Failure to join necessary parties is not a jurisdictional defect and the proper practice is to continue the suit or delay the trial until they can be brought in." *Bottum v. Herr*, 83 S.D. 542, 548, 162 N.W.2d 880, 883 (1968) (citing *Flowers v. Germann*, 211 Minn. 412, 1 N.W.2d 424 (1941); *Renner v. Crisman*, 80 S.D. 532, 540, 127 N.W.2d 717 (1964)).

Second, the Thompson devisees had constructive notice of the action. Executor Harold Thompson was properly served personal notice of Greens' action for breach of contract. Attorney Masten admitted service of the summons and complaint for Harold Thompson as an individual and as executor on behalf of the estate and the other devisees. Attorney Masten filed an answer for the estate on behalf of all the devisees. Where the executor was properly served and admitted service on behalf of all the devisees, they had, at the very least, constructive notice of the action through the estate's executor. *See Williams*, 392 N.W.2d at 834.

Third, the interests of all the devisees were represented at trial. In arguing that attorney fees for the defense of the action should be paid by the estate rather than by Harold Thompson personally, the Thompsons' own attorney admitted that Attorney Masten "was also representing the interests of the other parties: a sister and brother who also stood to lose an interest in a distribution of the estate as a result of the successful prosecution of that claim."

Most importantly, contrary to the Thompsons' claim that "[t]here is no indication that Attorney Masten, nor anyone ever communicated with the unnamed but unserved defendants with regard to the legal proceedings," the record shows that Harlan Thompson was actually present during at least two of Harold's meetings with Attorney Masten. Similarly, Marcella Thompson was present during three of the meetings.[7] Therefore, a number of devisees had actual notice of Greens' claim.

Even were we to hold that the named individual devisees were entitled to personal service of the summons and complaint, which we do not, by failing to object by motion, answer or special appearance, the named individuals waived the defense of lack of personal jurisdiction and submitted to the jurisdiction of the court. SDCL 15–6–12(h).

We affirm.

SABERS and AMUNDSON, JJ., concur.

WUEST and HENDERSON, JJ., concur specially.

HENDERSON, Justice (specially concurring).

Under the unique circumstances of this case, our settled law in *In re Protheroe's Estate*, 77 S.D. 72, 85 N.W.2d 505 (1957), is definitely modified. Here, the state of facts may reasonably be conceived to justify our decision. We owe a duty to honor the mandate that those seeking to contest a will must do so within two months. SDCL 30–7–2. We must also continue to honor SDCL 30–

---

7. The record also shows a "Marilyn" accompanied Harold during another meeting with the attorney. As we can find no record of a "Mari-lyn" involved in this controversy, the record may refer to devisee Merlyn Thompson.

21-7 which provides: "No holder of any claim against an estate shall maintain any action thereon, unless the claim is first presented or filed as provided in this chapter." It is not modified to the extent that we have abandoned precedent or forsaken the state probate code. Nor should we. Statutory periods for filing claims and contesting wills must be observed. The *general* rule is that all courts of a state must judicially recognize and apply the statutes of the state. *In re Gibbs*, 51 S.D. 464, 214 N.W. 850 (1927).

This Court cannot simply change the entire statutory scheme of probating wills. Carrol Green took under the joint last will and testament of herself and deceased husband. It was a joint, mutual, and reciprocal will. Carrol Green had the right, once the property was hers, to spend it all—dissipate it all—lose it in a card game—whatever she so chose. But the critical point is that, according to the joint, mutual and reciprocal will, all of the property that she had not disposed of or dissipated upon death, was in the terms of that reciprocal will, the "residue and remainder of all our real and personal property" which was to be shared by the nephews and nieces of Miles W. Green and Carrol Green, one-half thereof to each set of nephews and nieces. Carrol Green's brother and sister were not mentioned in the 1964 mutual/reciprocal will. After Miles W. Green passed on, Carrol Green sought, by her last will and testament of August 4, 1970, to change the provisions of the joint and mutual will by favoring her brother and sister, Theodore Thompson and Myrtle Isakson.

This case has greatly concerned me for fear of estates being opened up which have been closed for decades via a "constructive trust" theory. This case, as an example, is a collateral attack instituted in the fall of 1990 going back to the meaning of a joint and mutual will entered into on June 6, 1964, which will was probated in 1969. By joining this opinion, I wish to express that the practicing Bar should not assume that old estates can be opened up willy-nilly by creative conceptualizations. It is a fundamental rule of statutory construction that provisions of state statutes must be given effect if possible. *Matter of Silver King Mines*, 315 N.W.2d 689 (S.D.1982). Stagnant claims should not be allowed by either an executor/executrix or a trial court. SDCL 30-21-28.

Imposing a constructive trust on all assets owned by Carrol Green, at the time of her death, is in keeping with the intent of both Miles and Carrol Green when they prepared their mutual will because the nephews and nieces of both of them share as they originally contemplated.

I am authorized to state that WUEST, J., joins this writing.